UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | * | |
| | * | |
| VS | * | NO. 03-CR-10385-RGS |
| | * | |
| KIRK RINALDI | * | |

**DEFENDANT'S MOTION TO OBTAIN TRUE IDENTITY
OF COOPERATNG WITNESS AND MEMORANDUM OF LAW**

Defendant, Kirk Rinaldi, through counsel, moves this Court for an order requir     the government to disclose the true identity and whereabouts of the confidential informant (CI) ut    ed by the government in this case at the time it sought and obtained a search warrant on January     2003, from the Magistrate Judge of this court for the premises located at 534 Broadway, Evere   Massachusetts, and to allow the defendant to interview this witness. In support of this motion      defendant states that following:

> [In support of this motion the defendant incorporates by reference the arguments
> and exhibits attached to his <u>Motion to Suppress</u> filed herewith.]

1.  Defendant's request is based on the fact that this witness is critically important   he preparation and presentation of his Motion to Suppress. Since the CI is alleged to have made observations in the subject premises he/she is a percipient witness of the offense being charge  against the defendant. More particularly it is the CI's alleged observations that form the basis   he government's ability to obtain a search warrant for the premises at 534 Broadway, Everett, M

2.  The opportunity to interview this witness used by the government is crucial to     preparation of an effective defense and to the fair determination of the cause against him. Thr     h

1

an interview, defendant's will be able to undercover the true actions and motives of the government's witness, his/her credibility, and the basis of information that he/she allegedly supplied to ATF S/A John J. Mercer, the affiant, which information was a critical part of the affidavit presented to the Magistrate Judge [**Ex. A**], who, based upon the information provided to him, ied the search warrant on January 30, 2002. The identity of the CI is needed in order to interview to extract evidence that may exculpate defendant. Because of the importance of this, in the preparation and presentation of the defense in this cause, undersigned counsel desires to interview this witness prior to a hearing on his Motion to Suppress.

## FACTS

The importance of disclosure of the identity of the CI in the instant case is clear:

a. The informant is alleged to have been present at the premises at 534 Broadway Everett, MA, just days prior to the execution of the search warrant, but no specific date is provided therefor or the circumstances under which the informant was present thereat; [**Ex. A**]

b. The informant is alleged to have observed certain firearms and other items in the subject premises some of which items were in fact not part of the items listed in the inventory as having been seized from the property only days later; [**Ex. A**]

c. The informant is alleged to have supplied information, not directly to the affiant but only to other to law enforcement personnel, which is supposed to have been instrumental in the arrest in September 15, 2000, of another defendant by the name of Doreen Deluca, and her conviction in April 2001, in the Malden District Court when in fact that information was both inaccurate and, in critical aspects, untrue [**Ex's. E,F & G**]

d. The informant is alleged to have supplied information, not directly to the affiant but *only believed by the affiant* to other law enforcement personnel, regarding the "arrest and convictions" of other defendants, but no defendant names, dates or cases are recited in the affidavit which can be verified by the defense to support such allegations. [**Ex. A**]

In sum, the witness was an integral component of the government's investigation, and represented to have been an active participant and a transactional witness to the events of this case.

He/she is professed to be an eyewitness who possesses information that bears directly on the ability of the defense to properly prosecute his Motion to Suppress and to defend the case at trial.

## MEMORANDUM OF LAW

In *Roviaro v. United States*, 353 U.S. 53 (1957), the United States Supreme Court held that where the identity of an informant is known, the privilege of non-disclosure no longer exists. Where the contents of an informant's communications are relevant and helpful to the defense of the accused, or are essential to a fair determination of the cause, the true identity of the informant must be available for interview. If the government withholds this information, the trial court may dismiss the case. *See, e.g., United States v. Opager*, 589 F.2d 799 (5th Cir. 1979). The defendant's right to production and interview the informant is clear. Public policy favoring protection of the identity of a confidential informer forbids only non-essential disclosure. *United States v. Ayala*, 643 F.2d 244 (5th Cir. 1981); *United States v. Toombs*, 479 F.2d 88 (5th Cir. 1974).

In the present case, disclosure of the true identity of the witness must be compelled because such identity is essential to the preparation of the defense. In order for this disclosure to be effective, they must be made promptly so that the defendant can properly utilize the information and prepare his defense. To date, the government has failed to provide any information concerning his, even though it has acknowledged his existence. The defendant requires the aide of this Court's order to facilitate the basic right to disclosure of the true identity of the witness and the production for interview because these witnesses cannot be located by ordinary means. This right is fundamental to our system of justice. Indeed, it is an essential component of a competent criminal defense and thus, it is prescribed by constitutional motions of due process and the Sixth Amendment

right to prepare a defense. Where the Defendant's liberty is at stake, "such interviews are especially crucial". *United States v. Opager*, 589 F.2d at 804.

> [I]n determining whether the concept of fundamental fairness, implicit with in due process requires that the government disclose the identity and whereabouts of an informant and render reasonable assistance in locating an informant, a reviewing court must weigh the facts of each unique case and balance them against a defendant's need for access to the witness and the government's interest when withholding the identity or whereabouts of the informant. ... <u>A defendant can tip the balance in his favor if he establishes that an informant played an active or prominent role in the criminal activity</u>.

*United States v. McDonald*, 935 F.2d 1212, 1217 (11th Cir. 1993); (citing *United States v. Roviaro*, 353 U.S. at 60-62, and *United States v. Kerris*, 748 F.2d 610, 613, 614 (11th Cir. 1984)).

Here the defendant has clearly established that the witness' probable testimony will be in direct relationship to his defense of an appropriate Motion to Suppress.

If the defendant, through counsel, is able to speak to witnesses in advance of trial, the defendant will be better prepared to challenge those witnesses' statements at trial and may be able to rebut their testimony. *United States v. Opager*, 589 F.2d 804. Moreover, the defendant may be able to evaluate the firmness of the witnesses' testimony and thereby plan defense strategy, *Gregory United States*, 369 F.2d 185, 188 (D.C. Circuit 1966), <u>cert. denied</u>, 396 U.S. 865 (1969), may be in a better position to decide whether or not to enter a guilty plea, compare *United States v. Pasquale*, 506 F.2d 561 (5th Cir. 1979), or may discover a witness who will testify in the defendant's behalf. at 187. This disclosure will also shed light on the prosecution's case and enable the Defendant to demonstrate the truth at trial, that he is no guilty of the charged offenses. Even if the Defendant knows the identity of a witness and is familiar with his background, an opportunity to interview him is still important in order for counsel to gather specific information regarding the witness' specific testimony and current activities. *United States v. Opager*, 589 F.2d at 805. The defendant's right to

4

place a witness in his proper setting may thus be furthered. See *Smith v. Illinois*, 390 U.S. 12 (1968); *Alford v. United States*, 282 U.S. 687 (1931).

Our courts have consistently underscored the defendant's right to an opportunity equal to that of the government to interview prospective witnesses or people having knowledge of the case. *United States v. Opager*, 589 F.2d at 805; *United States v. Brown*, 555 F.2d 407, 425 (5th Cir. 1977). The right applies no less to a witness in protective custody. *United States v. Murray*, F.2d 178 (9th Cir.), cert. denied, 419 U.S. 854 and 419 U.S. 942 (1973).

This right is so fundamental that it cannot be rendered meaningless by action of the prosecutors or other law enforcement officials who may advise prospective witnesses that they should not discuss their testimony with anyone but the government or their own attorneys. *United States v. Clemones*, 577 F.2d 1247 (5th Cir. 1978).

This body of case law is rooted in the Constitution and its obstruction amounts to a denial of due process and effective assistance of counsel. *Coppolino v. Helpern*, 266 F.Supp. 930, 935 (S.D.N.Y. 1967). The Fifth Circuit also has stated the following on this very point:

> The importance to a litigant of interviewing potential witnesses is undeniable. In particular, in criminal cases, where a defendant's very liberty is at stake, such interviews are especially crucial. Thus it is that one of the first things responsible counsel does in preparing a case is to seek the interview those witnesses involved in the litigation.

*United States v. Vole*, 435 F. 2d 774, 778 (7th Cir. 1970). Further, "bother sides have an equal right, and should have an equal opportunity, to interview them." Gregory v. United States, 36 F.2d 188 (D.C. Cir. 1966), cert. denied, 396 U.S. 865 (1969). The prosecutor, therefore, may not advise a witness whether or not to speak to defense counsel, *Id.*; *Coppolino v. Helpern*, 266 F. Supp at 935, and if the opportunity is to be truly equal, should not be permitted to make any suggestion, direct or indirect, to the witness regarding the possibility of an interview with defense counsel.

## BALANCING TEST

The government has failed to articulate any valid reason for the non-disclosure of the witness. The first step in deciding whether disclosure of a confidential informant is required determining whether the government has a valid reason for any disclosure, *United States v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985).

The seminal case on the government's privilege not to disclose the identity of a confidential informant is *Roviaro s. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). In *Roviaro*, the Court set forth a balancing test for determining when disclosure is required. This test evaluates "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* 62, 77 S.Ct. at 629. Subsequent case law has focused inquiry on three factors: (1) the extent of the informant's participation in the criminal activity, (2) the directness of the relationship between the defendant's asserted defense, the probable testimony of the informant, and (3) the government interest in nondisclosure, *See, e.g. United States v. Kerris*, 748 F.2d 610 (11th Cir. 1984).

The trial court may require disclosure, however, where the defendant shows the disclosure of an informant's identity or the contents of his communication is "relevant and helpful to the defense of the accused, or is essential to fair determination of the cause." *Id.* at 60-61. *United States v. Brito*, 721 F.2d 721 (11th Cir. 1983); *United States v. Panton*, 846 F.2d 1335 (11th Cir. 1988) *United States v. Amador-Gavan*, 9 F.3d 1414 (9th Cir. 1993).

Here the defendant has clearly carried his burden of demonstrating the need for the disclosure of this witness/informant's identity. His need is not only relevant and helpful but would also is essential to his defense. *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990) *United States v. McDonald*, 935 F.2d 1212 (11th Cir. 1991).

6

The defendant respectfully submits that the court, in order to protect the due process r   ts of the defendant, should hold an in camera hearing on the defendant's need for the confidenti informant's identity and testimony. The defendant has demonstrated or could further demons   e in an ex parte, in camera hearing that the information needed from the informant is relevant, nec   ary and most essential for a fair trial. *United States v. Spires*, F.3d 1234, 1238 (9th Cir. 1993); U.   d *States v. Amador-Gavan*, 9 F.3d 1414, 1417 (9th Cir. 1993).

Respectfully, the defendant submits that he has an absolute right to this information. Accordingly, he requests the Court enter an order compelling the government to disclose the t identity and whereabouts of witness and further compelling the government to make said informant/witness available to the defendant for interview prior to a hearing on his Motion to Suppress.

September 15, 2005

Karnig Boyajian (BBO#052080)
Defendant's Attorney
One Gateway Center, Suite 315
Newton, MA 02458
Tel. 617-332-222
Fax. 617-332-2221

CERTIFICATE

I hereby certify a copy of the within motion was this date delivered, faxed and/or maile postage prepaid to AUSA Christopher F. Bator, c/o U.S. Attorney's Office, One Courthouse W Suite 9200, Boston, MA, 02110.

September 15, 2005

Karnig Boyajian