AO 106 (Rev. 7/87) Affidavit for Search Warrant

# United States District Court

DISTRICT OF MASSACHUSETTS

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

The apartment residence of Kirk Rinaldi, which is further described as the second-floor rear apartment of 534 Broadway, Everett, Massachusetts, a three-story, multi-unit, wood frame dwelling with brown clapboard siding and cream trim and the numerals "534" on the outer storm door in the front

## APPLICATION AND AFFI AVIT FOR SEARCH WARRA T

CASE NUMBER: 02-M0018-R

I John A. Mercer, Jr. being duly sworn depo and say:

I am a(n) Special Agent, Bureau of Alcohol, Tobacco and Firearms and have reaso believe
Official Title

that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location)

The apartment residence of Kirk Rinaldi, which is further described as the second-floor rear apartment of 53 Broadway, Everett, Massachusetts, a three-story, multi-unit wood frame dwelling with brown clapboard siding d cream trim and the numerals "534" on the outer storm door in the front

in the ______ District of Massachusetts

there is now concealed a certain person or property, namely (describe the person or property to be seized)

a large caliber black pistol, a M-11 9 mm pistol, a silencer, ammunition, magazines, ammunition, and documents r cting Kirk Rinaldi's custody and control of the premises

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

concerning a violation of Title 18 United States code, Section(s) 922(g)(1).

The facts to support a finding of Probable Cause are as follows:

Continued on the attached sheet and made a part hereof. ☒ Yes ☐ No

[signature]
Signature of Affiant JOHN A. MERCER, JR

Sworn to before me, and subscribed in my presence

January 30, 2002 at Boston, Massachusetts
Date City and State

LAWRENCE P. COHEN
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

[signature]
Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

AFFIDAVIT OF JOHN A. MERCER JR.

I, John A. Mercer Jr., being duly sworn, do state that

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, and Firearms ("ATF") and have been so employed for approximately eleven years. I am currently assigned to work th other federal, state, and local law enforcement agencies in a task force effort focusing on federal firearms, explosives ar narcotics violations. Based on my training and experience as n ATF Special Agent, I know that it is a violation of 18 U.S.C. §922(g)(1) for any person who has been convicted of a felony offense to possess any firearm or ammunition in or affecting commerce, or to receive any firearm or ammunition which has b n shipped or transported in interstate or foreign commerce.

2. The information contained in this Affidavit is base on my personal involvement in this investigation, my training an experience, information provided to me by other law enforceme officers, and information provided to me by a confidential an reliable informant ("CI").

3. This affidavit is submitted in support of an application for a warrant to search the second-floor rear apartment of KIRK S. RINALDI at 534 Broadway, Everett, Massachusetts, for three firearms, a large caliber black pistc

an M-11 9mm pistol, and a silencer, as well as ammunition anc documents and other evidence which reflect RINALDI'S possessi ι, occupancy or control over the premises.

4. Since January 2002, I have been involved in an investigation of the activities of KIRK S. RINALDI ("RINALDI" whose date of birth is April 14, 1963, and whose social secur y number is 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. I have received from the Massachusett Criminal History Systems Board a computer printout containing RINALDI'S prior adult criminal history. The printout reveals n adult criminal history dating back to 1980 and includes fifty ix entries.

5. The printout reveals that RINALDI was convicted in Massachusetts state courts of various crimes. They include a conviction in Middlesex Superior Court in 1991 for armed assa : with intent to kill, in violation of M.G.L. c. 265, §15, for which RINALDI received a sentence of eight to twenty years in state prison (RINALDI received lesser concurrent state prison sentences for companion convictions for assault and battery by means of a dangerous weapon and unlawfully carrying a firearm) The printout also indicates that in 1981 RINALDI was convictec n Suffolk Superior Court of armed robbery while masked.

6. I have received information about RINALDI from a cooperating individual, hereinafter referred to as CI. CI has

requested that his/her identity not be revealed for fear of reprisal or harm to his/her physical safety. CI has providec accurate, truthful, and reliable information in the past and continues to do so to the present.

7. Specifically, CI has provided reliable informatior o the Woburn, Massachusetts Police Department Drug Unit leadinc o the arrest and convictions of several persons in the past. F example, in September of 2000, CI provided information that resulted in the seizure of cocaine from, and the arrest of, Doreen DeLuca in Woburn, Massachusetts. In April of 2001, De ca was convicted in Malden District Court of state narcotics violations. I am aware of three other individuals who were arrested by the Woburn Police Department and ultimately convi ed of drug offenses based on information that was provided by CI

8. CI told me that RINALDI resides in the second-floo: rear apartment of the building located at 534 Broadway, Everet Massachusetts. CI described the building as a multi-unit residence. CI further stated that RINALDI resides alone in tl two-bedroom second-floor rear apartment by himself, but that occasionally his children stay at the apartment with him. According to CI, the only entrance to RINALDI'S apartment is f m the first-floor back porch of the building, through a door on e far left-hand side of the porch while facing the house (there

a second door in the middle of the porch that leads elsewhere up a flight of stairs, and through a single door at the top of the stairs into the apartment. CI stated that RINALDI'S brother owns the building at 534 Broadway in Everett.

9. CI told me that during the third week of January, 2002, he/she observed a large caliber black pistol contained in a plastic gun box with several "clips" and a silencer, and an M-11 9mm pistol, in RINALDI'S second-floor rear apartment at 534 Broadway in Everett. CI also stated that RINALDI stores the M-11 9mm pistol under the pillow of his bed and that he distributes heroin, cocaine and xanax pills and stores them in his bedroom closet.

10. CI further told me that RINALDI drives a white Cadillac and a late model light blue/gray BMW with New Hampshire license plates. CI also told me that RINALDI'S telephone number at 534 Broadway in Everett is (617) 389-8605.

11. I have observed the building at 534 Broadway in Everett. It is a three-story, multi-unit, wood frame dwelling with brown clapboard siding, cream trim, and an asphalt shingle roof. The main entrance to 534 Broadway is clearly marked with the numerals "534" displayed on the outer storm door. In the rear of the building there is an open porch on the first floor with a door in the middle of the porch and one on the far left

hand side.

12. While observing the building at 534 Broadway in Eve :tt on January 24, 2002, I saw a white Cadillac Sedan Deville, Massachusetts registration 5437RV, parked in the driveway of ie property. On January 28 and 29, 2002, other ATF agents and l al police officers observed a gray BMW sedan, New Hampshire registration 1313254, parked in the driveway of the property.

13. According to the records of the Massachusetts Regis y of Motor Vehicles ("RMV"), on July 18, 1997, RINALDI renewed s driver's license and reported that his address was 21 Imbaro Road, Apartment 3, Hyde Park, Massachusetts. RMV records als indicate that RINALDI leased a white 1997 Cadillac Sedan Devi e, Massachusetts registration 5437RV, which is registered throug Provident Auto Leasing and leased by RINALDI at 21 Imbaro Roa Hyde Park, Massachusetts.

14. According to the records of the New Hampshire Regis / of Motor Vehicles, a gray 1997 BMW, New Hampshire registratio 1313254, is registered to one Frederick W. Davis, 35 Harriman Hill Road, Raymond, New Hampshire.

15. According to records of Verizon, the subscriber for telephone number (617) 389-8605 is one Albert C. Rinaldi, wit listed address of 534 Broadway, Everett, Massachusetts.

16. On January 25, 2002, I interviewed Parole Officer

Joseph Waystack of the Massachusetts State Parole Office. Officer Waystack told me that he is presently supervising RIN DI while RINALDI is on parole. Officer Waystack reported that RINALDI was paroled from state prison on June 2, 1997, after serving approximately six years of the eight to twenty-year prison sentence referenced in paragraph 5 above. RINALDI'S parole is scheduled to terminate in November of 2008. Office Waystack told me that RINALDI is supposed to be residing at 2 Imbaro Road, Apartment 3, Hyde Park, Massachusetts. Accordin to Officer Waystack, RINALDI'S cousin, James Rinaldi, owns the residence. Over the past year Officer Waystack has performed approximately one dozen "unscheduled" visits to 21 Imbaro Roa Apartment 3, Hyde Park, Massachusetts and not once on those occasions observed or met with RINALDI there. The only time Officer Waystack has been able to meet with RINALDI at that apartment is when he has called RINALDI in advance and made a appointment. It is Officer Waystack's belief that RINALDI do not reside at 21 Imbaro Road, Apartment 3, Hyde Park, Massachusetts.

17. I have learned from United States Postal Inspector Barry Jenkins that RINALDI rented post office box number 24 at the United States Post Office at 391 Broadway, Everett, Massachusetts on September 3, 1999, and that RINALDI continues o

receive mail there to this date.

18. On January 29, 2002, at approximately 3:30 P.M., A[illegible] Special Agents observed RINALDI and an unidentified young ma[illegible] exit the left rear door on the first-floor porch in the rear [illegible] the building at 534 Broadway in Everett. RINALDI and the you[illegible] male were then observed walking to the driveway of the proper[illegible] and then cleaning a black Mercedes sedan, Massachusetts registration 5437RV (the same registration number that I had previously observed on the white Cadillac referenced in parag[illegible]ph 12 above) that was parked there.

19. Based on my training and experience as an ATF Speci[illegible] Agent, I know that the great majority of handguns possessed i[illegible] Massachusetts are manufactured outside this state. Smith and Wesson is the only major manufacturer of handguns in Massachusetts, and even many Smith and Wesson firearms are shipped outside of Massachusetts to dealers and distributors after their manufacture, and then are later shipped back into this state for retail sale. Based on my training and experie[illegible]e as an ATF Special Agent, I also know that no ammunition is commercially manufactured in Massachusetts.

20. Based on my training and experience as an ATF Speci[illegible] Agent, I know that individuals who own and possess firearms normally possess and maintain them for long periods of time.

Persons who own or possess firearms generally keep them on t: ir person, in their residence, or in their vehicles, because firearms are somewhat expensive and do not easily wear out. Firearms are similar in that regard to tools, which people typically buy and maintain over a long period of time. It ha also been my experience that persons maintain firearms along th ammunition for the firearms in a location to afford ease of access and to provide security.

21. Based on the information contained in the foregoinc paragraphs, there is probable cause to believe that currently n the second-floor rear apartment at 534 Broadway, Everett, Massachusetts, there is located evidence of a violation by KI S. RINALDI of 18 U.S.C. §922(g)(1), including a large caliber black pistol, an M-11 9mm pistol, a silencer, ammunition, personal papers, mail, and/or other documents evidencing the custody or control of the premises.

22. Based on the information contained in the foregoing paragraphs, I seek a "no-knock" warrant to search the second-floor rear apartment at 534 Broadway, Everett, Massachusetts, ; there is a reasonable suspicion that if, prior to the executic of the search warrant, officers first knock and announce theiı presence, it would endanger their safety by exposing them to t threat of physical violence from RINALDI. This reasonable

suspicion is based on RINALDI'S history of criminal conduct, ›st notably his prior convictions for serious crimes of violence ıs well as upon the reliable information that he has several firearms in the apartment, one of which he keeps under his be (for apparent ready access thereto) and is engaged in drug dealing.

John A. Mercer Jr.
Special Agent
Bureau of Alcohol, Tobacco
and Firearms

Sworn and subscribed to me this thirtieth day of January, 200

LAWRENCE P. COHEN
United States Magistrate Judge

AO 93 (Rev. 8/98) Search Warrant

B

# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)

The apartment residence of Kirk Rinaldi, which is further described as the second-floor rear apartment of 534 Broadway, Everett, Massachusetts, a three-story, multi-unit, wood frame dwelling with brown clapboard siding and cream trim and the numerals "534" on the outer storm door in the front

## SEARCH WARRANT

CASE NUMBER: 02-M00018-LC

TO: ATF Special Agent John A. Mercer, Jr. and any Authorized Officer of the United States

Affidavit(s) having been made before me by ATF Special Agent John A. Mercer, Jr. (Affiant) who ha[s] [r]eason to believe that ☐ on the person of or ☒ on the premises known as (name, description and/or location)

The apartment residence of Kirk Rinaldi, which is further described as the second-floor rear apartment of 534 Broadway, Everett, Massachusetts, a three-story, multi-unit, wood frame dwelling with brown clapboard siding and cream trim and the numerals "534" on the outer storm door in the front

in the ______ District of Massachusetts [ther]e is now concealed a certain person or property, namely (describe the person or property)

a large caliber black pistol, an M-11 9 mm pistol, a silencer, ammunition magazines, ammunition, and documents reflect Kirk Rinaldi's custody and control of the premises

I am satisfied that the affidavit(s) and any record testimony establish probable cause to believe that the perso[n or] property so described is now concealed on the person or premises above-described and establish grounds for the iss[uan]ce of this warrant. I am further satisfied that there is reasonable suspicion to believe that [it] would endanger the executing officers to require them to first knock and announce thei[r p]resence.

YOU ARE HEREBY COMMANDED to search on or before 02-10-2002 (Date)

(not to exceed 10 days) the person or place named above for the person or property specified, serving this [war]rant and making the search (in the daytime -- 6:00 A.M. to 10:00 P.M.) (~~at any time in the day or night as I find reasonable cause has been established~~) and if the person or property be found there to seize same, leaving a copy of this [war]rant and receipt for the person or property taken, and prepare a written inventory of the person or property seized a[nd] promptly return this warrant to Lawrence P. Cohen (U.S. Judge or Magistrate Judge)

as required by law. I further authorize you to make entry into the property to be searc[he]d without first knocking and announcing your presence.

January 30, 2002 - 4:35 pm (Date and Time Issued) at Boston, Massachusetts (City and State)

LAWRENCE P. COHEN
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

[signature]
Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

AO 93 (Rev. 8/98) Search Warrant (Reverse)

| RETURN | | CASE NUMBER: |
|---|---|---|
| DATE WARRANT RECEIVED<br>1/30/2002 | DATE AND TIME WARRANT EXECUTED<br>1/31/2002 1 30pm | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT W<br>at premises |

INVENTORY MADE IN THE PRESENCE OF

S/A Dan Meade and S/A Matthew O'Shaunessey

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

1. Smith & Wesson, Model 36, .38 caliber, revolver, serial number obliterated
2. A.A. Arms Inc, Model AP9, 9mm, pistol, serial number 009451 -- lo ed
3. Raven Arms, MP-25, .25 caliber, pistol, serial number 1877903 - aded
4. Browning, 1905 FN, .25 caliber, pistol, serial number 780288
5. 249 rounds of assorted ammunition
6. Tanita digital scale
7. Prison documents, credit cards, photos, receipts, bills, mail, M drivers license re: Kirk Rinaldi
8. a quantity of heroin
9. $2,000 U.S. currency
10. O'haus digital scale
11. several knives

## CERTIFICATION

I swear that this inventory is a true and detailed account of the person or property taken by me on the w ant.

Subscribed, sworn to, and returned before me this date.

U.S. Judge or Magistrate Judge Date

POLICE OFFICER'S FORMAL REPORT 01/ /02 20:2
EVERETT POLICE DEPARTMENT PAGE:
Case#: 215726 TTYR027

*** NARRATIVE ***

EXECUTED AT 534 BROADWAY APT.#2, THE HOME OF KIRK RINALDI. MR RINALDI WAS NOT AT HOME WHILE THE WARRANT WAS BEING EXECUTED, HE WAS AT HIS PAROLE OFFICER'S OFFICE FOR AN INTERVIEW. ACCORDING TO MR. RINALDI'S PAROLE OFFICER HIS TRUE ADDRESS IS SUPPOSED TO BE 21 IMBARO ROAD HYDE PARK MA. THE ATF BELIEVES THAT MR. RINALDI WAS USING THE EVERETT ADDRESS AS A STASH HOUSE FOR NARCOTICS AND FIREARMS. THE EVERETT ADDRESS WAS UNKNOWN TO THE PAROLE OFFICER. DURING THE SEARCH OF 534 BROADWAY (4) FOUR FIREARMS WERE RECOVERED ALONG WITH NUMEROUS ROUNDS OF AMMONITION. RECOVERED WAS AN AMERICAN ARMS 9MM SEMI AUTO PISTOL, FULLY LOADED, WITH A ROUND IN THE CHAMBER. A RAVEN .25 SEMI AUTO PISTOL, A .25 BROWNING SEMI AUTO PISTOL AND A .38 CAL SMITH & WESSON REVOLVER. BECAUSE OF MR. RINALDI'S PAROLE STATUS, HE HAS NO RIGHT TO POSSESS THESE WEAPONS. IN THE OFFICE AREA OF MR. RINALDI'S HOME WAS RECOVERED 2 CLEAR BAGGIES CONTAINING A BROWN HARD ROCK SUBSTANCE WE BELIEVE TO BE HEROIN. ALSO SEIZED IN THIS AREA WAS $2010.00 IN US CURRENCY AND A BOTTLE OF INOSITOL, A SIFTE AND TWO SPOONS WITH A WHITE POWDER RESIDUE. IN MR. RINALDI'S BEDROOM WAS RECOVERED ANOTHER CLEAR SANDWICH BAG CONTAINING A BROWN POWDER SUBSTANCE WE BELIEVE TO BE HEROIN. THE FIREARMS SEIZED ARE BEING HELD BY THE ATF FOR THE FEDERAL PROSECUTION OF MR. RINALDI AND THE NARCOTICS WERE SEIZED BY THE EVERETT P FOR VIOLATION OF STATE NARCOTIC OFFENSES. ALL EVIDENCE SEIZED BY EVERETT PD WAS PLACED INTO THE EVIDENCE SYSTEM FOR ANALYSI AND THE CURRENCY SEIZED WILL BE FILED FOR FORFEITURE. A WARRANT WILL BE SOUGHT FOR THE ARREST OF KIRK RINALDI FOR POSSESSION W/I TO DISTRIBUTE TO WIT HEROIN AND SCHOOL ZONE VIOLATIONS (EVERETT HIGH SCHOOL).

CASE STATUS : OPEN ( ) SUSPENDED ( ) UNFOUNDED ( ) CLOSED
CLOSED BY : ARREST MADE ( ) CRIM COMP APP ( ) ARR WARR APP (
REF FOR PRIV COMP ( ) REF TO OTHER AGENCY ( )
FURTHER ACTION REQUIRED? ( )YES (✓)NO TO WHOM:
OTHER: DOMESTIC ( ) CHILD ABUSE/NEGLECT ( ) HATE CRIME ( )
ALCOHOL ( ) DRUG/NARCOTICS (✓) GANG RELATED ( )

Thomas Kinella 01/31/02
REPORTING OFF'S SIG. DATE/TIME OIC SIGNATURE DATE/TIME

Sgt. Paul Strong 01/31/02 2031
SUP. OFF'S SIG. DATE/TIME OIC SIGNATURE DATE/TIME

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE PURSUANT TO SECTI 269 13A OF THE MASSACHUSETTS STATE CRIMINAL LAW.

**CRIMINAL COMPLAINT** 0250CR000305

**Trial Court of Massachusetts**
**Malden District Court**

TO ANY JUSTICE OR CLERK-MAGISTRATE OF THE MALDEN DISTRICT COURT

DEFENDANT
RINALDI, KIRK
534 BROADWAY STREET
APT 2
EVERETT, MA 02149

4/11/02
P/C

| DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|
| 04/14/1963 | M | W | 6'01" | 180 | BRO | BRO |

| INCIDENT REPORT # | SOCIAL SECURITY # |
|---|---|
| 215726 | 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 |

| DATE OF OFFENSE | PLACE OF OFFENSE |
|---|---|
| 01/31/2002 | EVERETT |

| COMPLAINANT | POLICE DEPARTMENT |
|---|---|
| ELLSWORTH, JOHN | EVERETT PD |

| DATE OF COMPLAINT | RETURN DATE AND TIME |
|---|---|
| 02/01/2002 | |

The undersigned complainant, on behalf of the Commonwealth, on oath complains that on the date and at the location stated herein the defendant did commit the offense(s) listed below.

Held, serving 01, sentence

COUNT-OFFENSE
1. 94C/32/C DRUG, POSSESS TO DISTRIB CLASS A c94C §32(a)

on 01/31/2002, not being authorized by law, did knowingly or intentionally possess with intent to manufacture, distribute or dispense a controlled substance in Class A of G.L. c.94C, §31, to wit: HEROIN, in violation of G.L. c.94C, §32(a). (PENALTY: state prison for not more than 10 years; or jail or house of correction for not more than 2½ years; or not less than $1000, not more than $10,000; or both; G.L. c.280, §6B: plus Drug Analysis Fee not less than $150, not more than $500, with maximum fee of $500 for multiple offenses from single incident. District Court has final jurisdiction under G.L. c. 218, §26.)

DEFENDANT COPY

COUNT-OFFENSE
2. 94C/32J DRUG VIOLATION NEAR SCHOOL/PARK c94C §32J

on 01/31/2002 did, as charged in the accompanying count(s), violate the provisions of G.L. c.94C, §§ 32, 32A, 32B, 32C, 32D, 32E, 32F or 32I while in or on, or within 1000 feet of the real property comprising a public or private accredited preschool, accredited headstart facility, or elementary, vocational or secondary school, or within 100 feet of a public park or playground, in violation of G.L. c.94C, §32J. (ADDITIONAL PENALTY FROM AND AFTER SENTENCE FOR VIOLATION OF §§ 32, 32A, 32B, 32C, 32D, 32E, 32F or 32I: state prison not less than 2½ years, not more than 15 years; or jail or house of correction not less than a mandatory minimum of 2 years, not more than 2½ years; and optional fine not less than $1000, not more than $10,000. §32H: may not be filed or continued without a finding; no reduction or suspension of sentence until 2 years served. District Court has final jurisdiction under G.L. c. 218, §26.)

COUNT-OFFENSE

COUNT-OFFENSE

| COMPLAINANT | SWORN TO BEFORE CLERK-MAGISTRATE | ON (DATE) | TOTAL COUNTS |
|---|---|---|---|
| X | X | | 2 |

| (DEFENDANT COPY) | FIRST JUSTICE Hon. PAUL MAHONEY | COURT ADDRESS | Malden District Court, 89 Summer Street, Malden, MA 02148 |
|---|---|---|---|

| A TRUE COPY ATTEST: | CLERK-MAGISTRATE/ASST. CLERK X | ON (DATE) |
|---|---|---|

APPLICATION FOR COMPLAINT ☐ ADULT ☐ JUVENILE  E25CR10345

Trial Court of Massachusetts
District Court Department

☐ ARREST ☐ HEARING ☐ SUMMONS ☐ WARRANT

The within named complainant requests that a complaint issue against the within named defendant, charging said defendant with the offense(s) listed below.

COURT DIVISION
Malden District Court
89 Summer Str
Malden, MA 02

| DATE OF APPLICATION | DATE OF OFFENSE | PLACE OF OFFENSE |
|---|---|---|
| | | |

NAME OF COMPLAINANT: Att. Sgt. Elkworth

ADDRESS AND ZIP CODE OF COMPLAINANT:

NAME, ADDRESS AND ZIP CODE OF DEFENDANT:

| NO. | OFFENSE | G.L. Ch. and Sec |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

COURT USE ONLY → A hearing upon this complaint application will be held at the above court address on | DATE OF HEARING | TIME OF HEARING AT | COURT USE ← ONLY

## CASE PARTICULARS — BE SPECIFIC

| NO. | NAME OF VICTIM Owner of property, person assaulted, etc. | DESCRIPTION OF PROPERTY Goods stolen, what destroyed, etc. | VALUE OR PROPERTY Over or under $250. | TYPE OF CONTROLLED SUBSTANCE OR WEAPON Marijuana, gun, etc. |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |

OTHER REMARKS:

x ______ SIGNATURE OF COMPLAINANT

## DEFENDANT IDENTIFICATION INFORMATION — Complete data below if known

| DATE OF BIRTH | PLACE OF BIRTH | SOCIAL SECURITY NUMBER | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| OCCUPATION | EMPLOYER/SCHOOL | MOTHER'S NAME (MAIDEN) | FATHER'S NAME |
|---|---|---|---|
| | | | |

## COURT USE ONLY

| DATE | DISPOSITION | AUTHORIZED BY |
|---|---|---|
| | NO PROCESS TO ISSUE<br>☐ At request of complainant<br>☐ Complainant failed to prosecute<br>☐ Insufficient evidence having been presented | |
| 2/1/02 | PROCESS TO ISSUE<br>☑ Sufficient evidence presented<br>☐ Defendant failed to appear<br>TYPE OF PROCESS<br>☑ Warrant<br>☐ Summons returnable ______ | |
| | ☐ Continued to ______ | |

COMMENTS

E

# MASSACHUSETTS UNIFORM CITATION

**H 5056521**

TYPE OF CITATION: MOTOR VEH. [X] OPER. ☐ OWNER | NON-MV ☐

| DATE CITATION WRITTEN | AGENCY CODE | OFFICER I.D. NUMBER | COURT CODE |
|---|---|---|---|
| 09/15/00 | WOB | 81 | 53 |

| MOTOR VEHICLE LICENSE NO. OF VIOLATOR | STATE | CLASS | CDL LICENSE | RACE | SEX | SSN (For non motor veh. citation only) |
|---|---|---|---|---|---|---|
| 028444519 | MA | D | ☐ YES [X] NO | W | F | |

| VIOLATOR NAME (Last) | (First) | (Initial) | DATE OF BIRTH |
|---|---|---|---|
| DeLuca | Doreen | | [illegible]/08/68 |

| ADDRESS | CITY/TOWN | STATE | ZIP |
|---|---|---|---|
| 500 Salem Street | Medford | MA | 02155 |

| PLATE TYPE | MOTOR VEHICLE REGISTRATION NO. | STATE | CDL VEHICLE |
|---|---|---|---|
| PAN | 5528PP | MA | ☐ YES [X] NO |

| HAZ. MAT. | MAKE AND TYPE | YEAR | COLOR |
|---|---|---|---|
| ☐ YES [X] NO | Jeep Cherokee | 98 | Blk |

1. 2. 3. 4.

| DATE OF OFFENSE | LOCATION OF OFFENSE (Include city or town) | TIME OF OFFENSE | ACCIDENT |
|---|---|---|---|
| 09/15/00 | Cambridge St. And Bedford, Woburn | 8:04 ☐ AM [X] PM | ☐ YES [X] NO |

| | CHAP/SEC/SUB | | DESCRIPTION OF OFFENSE | ASSESSMENT | JUDGMENT | JUDGMENT DATE | COMMENT |
|---|---|---|---|---|---|---|---|
| A. | 90-23 | [X] CRIM ☐ CIVIL | Oper after Lic. Susp (100) Subsq offense (3) | $ | G | 4/4/01 | |
| B. | | ☐ CRIM ☐ CIVIL | | $ | | | |
| C. | | ☐ CRIM ☐ CIVIL | | $ | | | |
| D. SPEEDING ☐ 90/17 ☐ 90/18 | | CIVIL | ____ MPH IN A ____ MPH ZONE ☐ POSTED ☐ NOT POSTED ☐ CLOCKED ☐ RADAR ☐ ESTIMATED | $ | | | |

OFFICER CHECK ONE ONLY: ☐ ALL CIVIL INFRACTIONS (See instruction A on back) ☐ CRIMINAL APPLICATION (See instruction B on back) [X] ARREST ☐ WARNING (No action required by violator)

TOTAL DUE $

DOCKET NUMBER 0053CR2273

COURT ADDRESS WOBURN

OFFICER CERTIFIES [X] IN HAND TO VIOL. ☐ MAILED TO VIOL. ☐ IN HAND TO VIOLATOR'S AGENT

X [signature] AGENT NAME

VIOLATOR/AGENT ACKNOWLEDGES RECEIPT OF CITATION

RMV COPY (IF CIVIL) OR COURT COPY (IF CRIM.)

DC-MV-6 (2/88)

# COMMONWEALTH OF MASSACHUSETTS
# SUPPLEMENTAL MOTOR VEHICLE ABSTRACT

| STREET ADDRESS | | | REGISTRATION NUMBER | STATE |
|---|---|---|---|---|
| CITY / TOWN | STATE | ZIP CODE | POLICE DEPARTMENT | |
| | LOCATION OF VIOLATION | | | |

| DOCKET NUMBER | OFFENSE | CHAPTER | SECTION | JUDGMENT | DATE OF JUDGMENT | COMMENT |
|---|---|---|---|---|---|---|
| | | | | | | |

INSTRUCTIONS TO COURT:
1. Use a separate form for each citation number.
2. To update previous abstract, fill in shaded areas only.
3. To use to report a conviction for which no citation was written, fill out as completely as possible. COURT COPY
4. Certify abstract with clerk-magistrate's facsimile.

CERTIFIED BY CLERK-MAGISTRATE AS A TRUE RECORD

(6 932-4547

# City of Woburn, Massachusetts

POLICE HEADQUARTERS

25 Harrison Avenue, Woburn, Massachusetts 01801

## CRIMINAL INVESTIGATIONS DIVISION

### Vice/Narcotics Unit

FILED WOBURN DISTRICT CO.

September 15, 2000

To: Sgt. Det. Mooney
Re: Arrest Report on Doreen M. DeLuca, Case #254384

On Friday, September 15, 2000, this reporting officer, Insp. Angelo J. Piazza, along with Insp. Edward Fumicello, Sgt. Det. Mooney, and members of N.E.M.L.E.C. (North Eastern Massachusetts Law Enforcement Council) Drug T Force, conducted a surveillance operation resulting in the arrest of Doreen M. DeLı DeLuca was arrested and charged with the following: Possession of a Class ' Substance (Cocaine) With Intent to Distribute, Operation of a Motor Vehicle A License Suspended – Subsequent Offense, and three outstanding warrants (for mc vehicle and drug distribution charges).

Information was established on this date, by Sgt. Det. Mooney and this report officer, that Dorreen DeLuca was staying at the apartment of Edmund Kilrow at 1 Locust St. in the City of Woburn. Additional information being that she was operatin late 1990's Jeep Grand Cherokee, dark in color, further, that she was using the al Annette Re (DOB 05/28/71). Additionally, information was that DeLuca v distributing/trafficking cocaine in the Jeep as above, further, that she was going to mak pickup of cocaine on this night and bring it back to the 111 Locust St. location distribution.

Doreen is known to several police departments as a cocaine abuser a distributor. The N.E.M.L.E.C. Drug Task Force has had open drug related cases on her the past, further, she has been arrested on some drug charges and narcotics have be seized as a result of these investigations. DeLuca was also known to this unit as havi outstanding warrants.

Surveillance was set up at 3:00 PM on the apartment at 111 Locust St. We we able to identify the Jeep as bearing Massachusetts registration of 5528PP. This vehi

F

was, in fact, a Grand Cherokee Jeep, color black, registered to John T. Torre, DC 01/31/58, of 321 Prospect Av. in Revere. Torre is a known associate of DeLuca's as w as a substance abuser.

DeLuca was observed leaving the Locust St. apartment complex at approximate 7:14 PM driving the Jeep, as above. Unmarked mobile surveillance units follow DeLuca to Chelsea, MA, where a white male entered the passenger side of the Jeep. Th male stayed within that passenger seat for just a few minutes before exiting and walki away. Det. Fumicello observed this male, upon exiting the Jeep, put a small square ite down the front of his pants, further, the item appeared to be paper (money?). DeLuca w then followed back to Woburn where a motor vehicle stop was conducted on Cambrid Rd. near Bedford Rd.

DeLuca was taken into custody at this motor vehicle stop on the outstandi warrants. A check of DeLuca's person at this scene by Officer Gerardi produced cocai in an open plastic baggie corner (this plastic baggie corner within a plastic sandwi baggie) from DeLuca's front left jeans pocket. As Officer Gerardi was reaching into th pocket DeLuca volunteered, "You got it." DeLuca's license to operate a motor vehic was also suspended.

A marked cruiser was requested and DeLuca was transported to the station whe she was booked by Sgt. Connolly and further processed (photos, fingerprints, etc.). Th Jeep was towed to the station by Green St. Motors and further inventoried by De Fumicello. A scale, eight silver coins, a cellular telephone, and $209.00 in U.S. Currenc was seized as evidence.

A supplemental report will follow.

Respectfully submitted,
Insp. Angelo J. Piazza, Jr.

C/

# CRIMINAL DOCKET

DOCKET NO. 0053CR002273

ATTORNEY NAME Diana Lombard [handwritten] Lo ... [handwritten]

COURT DIVISION Woburn

☐ INTERPRETER REQUIRED

NAME, ADDRESS AND ZIP CODE OF DEFENDANT
DELUCA, DOREEN
58 NEWHALL STREET
MALDEN, MA 02148

RMV 4/4/01 [handwritten]

DEFT. DOB AND SEX 04/08/1968 F

ARREST

DATE OF OFFENSE(S) 09/15/2000

PLACE OF OFFENSE(S) WOBURN

COMPLAINANT ALLEN, WILLIAM

POLICE DEPARTMENT (if applicable) WOBURN PD

DATE OF COMPLAINT 09/18/2000

RETURN DATE AND TIME 09/18/2000 14:00:00

| DATE and JUDGE | DOCKET ENTRY |
|---|---|
| SEP 18 2000 | ☒ Attorney appointed ... R. 3:10) ☐ Atty denied and D... advised per 211D §2A ☐ Waiver of counsel ... after colloquy |
| 9/18/00 | Terms of release set: ☒ PR ☒ Bail ... 1000/1000 ☐ Held (276 §58A). ☐ See back for spe... conditions |
| 9-18-00 / MAR 20 2001 | Arraigned and advised: ☒ Potential of bail r... ation (276 §58) ☐ Right to bail revie... 76 §58) ☒ Right to drug exa... 1E §10) |
| APR 24 2001 | Advised of right to jury t... ☐ Does not waive ☐ Waiver of jury tria... d after colloquy |
| | Advised of trial rights as ... e (Supp. R. 4) |
| | Advised of right of appea... Appeals Ct (R. 28) |

## 1. 94C/32A/C COCAINE, POSSESS TO DISTRIBUTE c94C §32/

| FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|
| Ø | | | | ☒ WAIVED |

DISPOSITION DATE and JUDGE: APR 24 2001

DISPOSITION METHOD: ☒ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning ☐ Bench Trial ☐ Jury Trial ☐ None of the Above

FINDING: ☐ Not Guilty ☒ Guilty ☐ Not Responsible ☐ Responsible ☐ No Probable Cause ☐ Probable Cause

SENTENCE OR OTHER DISPOSITION: ☐ Sufficient facts found but continued without guilty finding until: ☐ Probation ☐ Pretrial Probation (276 §87) - until: ☐ To be dismissed upon payment of court costs/restitution ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim ☐ Request of Deft ☐ Failure to prosecute ☐ Other: ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

Revised 5/28/02 [stamp] — [handwritten] year HC ... serve, bal ss ... days to 5/13/02 ... credit 10 ... $5018 hour ... w/ terms & conditions

FINAL DISPOSITION: ☐ Dismissed on recommendation of Probation Dept. ☐ Probation terminated: defendant discharged — JUDGE — DATE

## 2. 90/23/E LICENSE SUSPENDED, OP MV WITH, SUBSQ.OFF

| FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|
| | | | | ☒ WAIVED |

DISPOSITION DATE and JUDGE: APR 4 2001

DISPOSITION METHOD: ☒ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning ☐ Bench Trial ☐ Jury Trial ☐ None of the Above

FINDING: ☐ Not Guilty ☒ Guilty ☐ Not Responsible ☐ Responsible ☐ No Probable Cause ☐ Probable Cause

SENTENCE OR OTHER DISPOSITION: ☐ Sufficient facts found but continued without guilty finding until: ☐ Probation ☐ Pretrial Probation (276 §87) - until: 60 days HC ... s 10/3/02 co... ☐ To be dismissed upon payment of court costs/restitution ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim ☐ Request of Deft ☐ Failure to prosecute ☐ Other: ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

Revised 5/28/02 [stamp]

FINAL DISPOSITION: ☐ Dismissed on recommendation of Probation Dept. ☐ Probation terminated: defendant discharged — JUDGE — DATE

## COUNT/OFFENSE

| FINE | SURFINE | COSTS | RESTITUTION | ASSESSMENT |
|---|---|---|---|---|
| | | | | ☐ WAIVED |

DISPOSITION DATE and JUDGE

DISPOSITION METHOD: ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning ☐ Bench Trial ☐ Jury Trial ☐ None of the Above

FINDING: ☐ Not Guilty ☐ Guilty ☐ Not Responsible ☐ Responsible ☐ No Probable Cause ☐ Probable Cause

SENTENCE OR OTHER DISPOSITION: ☐ Sufficient facts found but continued without guilty finding until: ☐ Probation ☐ Pretrial Probation (276 §87) - until: ☐ To be dismissed upon payment of court costs/restitution ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim ☐ Request of Deft ☐ Failure to prosecute ☐ Other: ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

FINAL DISPOSITION: ☐ Dismissed on recommendation of Probation Dept. ☐ Probation terminated: defendant discharged — JUDGE — DATE

## COUNT/OFFENSE

| FINE | SURFINE | COSTS | RESTITUTION | ASSESSMENT |
|---|---|---|---|---|
| | | | | ☐ WAIVED |

DISPOSITION DATE and JUDGE

DISPOSITION METHOD: ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning ☐ Bench Trial ☐ Jury Trial ☐ None of the Above

FINDING: ☐ Not Guilty ☐ Guilty ☐ Not Responsible ☐ Responsible ☐ No Probable Cause ☐ Probable Cause

SENTENCE OR OTHER DISPOSITION: ☐ Sufficient facts found but continued without guilty finding until: ☐ Probation ☐ Pretrial Probation (276 §87) - until: ☐ To be dismissed upon payment of court costs/restitution ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim ☐ Request of Deft ☐ Failure to prosecute ☐ Other: ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

FINAL DISPOSITION: ☐ Dismissed on recommendation of Probation Dept. ☐ Probation terminated: defendant discharged — JUDGE — DATE

☐ ...TIONAL ...TS ...CHED

A TRUE COPY ATTEST: X — CLERK-MAGISTRATE/ASST. CLERK — ON (DATE)

COURT ADDRESS
Woburn District Court
30 Pleasant Street
Woburn, MA 01801-4125