UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA    )
                            )
          V.                )   CR. NO. 03-10385-RGS
                            )
KIRK RINALDI                )
```

### OPPOSITION TO DEFENDANT'S MOTION TO OBTAIN IDENTITY OF CONFIDENTIAL INFORMANT

The United States opposes the motion of defendant Kirk Rinaldi ("Rinaldi") to require the government to reveal the identity of its Confidential Informant ("CI").

Contrary to Rinaldi's assertion (see his motion at p. 1), the CI is not a participant in, or percipient witness to, the charged crimes. To the contrary, the CI is a "tipster" who only supplied information to law enforcement. See Exhibit A to the government's Opposition To Motion To Suppress. On the basis of the information provided by the CI, a search warrant was obtained, ultimately resulting in the recovery of illegal guns, ammunition and drugs at Rinaldi's residence. Rinaldi was subsequently charged with illegal possession of the guns and ammunition, possession with intent to distribute the drugs, and use of a firearm in furtherance of a drug crime, all on or about the day of the search. The CI was neither a participant in, nor

present at, nor a witness to, the charged crimes.[1]

It is settled law that when the government informant is not an actual participant or witness to the charged offense, his identity need not be revealed. <u>United States v. Robinson</u>, 144 F.3d 104, 107 (1st Cir. 1998)("[w]e have held with a regularity bordering on the echolalic that tipsters, as opposed to informants who are active participants in the crimes charged, generally deserve anonymity.") and cases cited. Even in those instances where (unlike here) the informant "was present during the commission of the offense", disclosure is not required "where the informant is a mere tipster, a conduit rather than a principal or active participant in the enterprise". <u>United States v. Martinez</u>, 922 F.2d 914, 921 (1st Cir. 1991) citing <u>United States v. Giry</u>, 818 F.2d 120, 130 (1st Cir. 1987).

---

[1] As described in the indictment, the charged crimes are the possession of firearms and ammunition (Count One), the possession with intent to distribute heroin (Count Two) and the possession of firearms in furtherance of a drug trafficking crimes (Count Three) on January 31, 2002, the day the firearms, ammunition and heroin were all found at Rinaldi's residence during the execution of the search warrant. The CI was not a participant in, nor a witness to, nor present at the commission of, those crimes. That he earlier saw guns, ammunition and drugs at Rinaldi's residence and told police does not transform him into a participant or witness to the charged crimes.

Consequently, the informant's identity should not be revealed.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/CHRISTOPHER F. BATOR
      Assistant U.S. Attorney

Dated: October 20, 2005

CERTIFICATE OF SERVICE

    I, CHRISTOPHER F. BATOR, certify that I have served a copy of the above upon Karnig Boyajian, Esq., One Gateway Center, Suite 315, Newton, MA 02458 by first class mail.

        /s/CHRISTOPHER F. BATOR
        Assistant U.S. Attorney

        Dated: October 20, 2005