UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )
         v.                 )    CRIMINAL NO. 03-10385-RGS
                            )
KIRK RINALDI                )


**OPPOSITION TO DEFENDANT'S MOTION**
**TO SUPPRESS EVIDENCE**

The United States opposes defendant Kirk Rinaldi's ("Rinaldi") Motion To Suppress Evidence.  In support of its opposition, the United States says the following.

**Relevant Facts**

The relevant facts are described in detail in the Application and Affidavit for Search Warrant of ATF Special Agent John Mercer, Jr., ("SA Mercer") which is attached and incorporated herein as Exhibit A, and the Return of Search Warrant, which is attached and incorporated herein as Exhibit B. As set forth in Exhibits A and B, on or about January 30, 2002, SA Mercer applied for and received a warrant to search Rinaldi's residence for, among other things, firearms and ammunition.  The Application was based, in large part, on information received from a confidential informant ("CI").  The CI had an established track record of reliability, including providing information/tips that led to the arrest and conviction of four people, one of whom, Doreen Deluca, is explicitly identified.  (See Exhibit A at

p. 7).

      The information provided by the CI concerning Rinaldi was
based on the CI's personal knowledge and was extremely detailed.
Specifically, the CI told police, among other things, that: it
knew Rinaldi had been residing in the second-floor, rear
apartment at 534 Broadway in Everett; Rinaldi lived there alone,
but occasionally his children stayed there with him; Rinaldi's
brother owned the building; it recently saw an M-11, 9mm pistol,
a large caliber black pistol, a silencer and ammunition in
Rinaldi's apartment; Rinaldi stores the pistol under his bed
pillow; he saw the large caliber black pistol, the silencer and
the ammunition in a plastic gun box; Rinaldi sells heroin,
cocaine and xanax pills which he stored in his bedroom closet;
Rinaldi drives a white, Cadillac and a gray BMW with New
Hampshire plates; and the telephone number at Rinaldi's apartment
is (617) 389-8605.  Exhibit A at pp. 3-4.  The CI also provided a
detailed description of the complicated location of the only
entrance to Rinaldi's apartment (at "the first-floor back porch
of the [multi-unit] building, through a door on the far left-hand
side of the porch while facing the house...up a flight of stairs,
and through a single door at the top of the stairs into the
apartment.")  Id.

      As further described in Exhibit A, the information provided
by the CI was extensively corroborated.  Specifically, police

2

determined, among other things, that: Rinaldi's residence and its
complicated entrance are as the CI described; a white Cadillac
leased by Rinaldi and a gray BMW were seen parked in the building
driveway; Rinaldi and a male child were seen at and around the
apartment; the subscriber for telephone number (617) 389-8605 is
Albert C. Rinaldi of 534 Broadway, Everett, MA; and Rinaldi
received mail nearby at a rented P.O. Box at 391 Broadway in
Everett. Exhibit A at pp. 4-5. Moreover, SA Mercer's affidavit
establishes that Rinaldi was then purporting to his parole
officer to live at a different location (21 Imbaro Road, in Hyde
Park, MA) and concealing his actual residence at 534 Broadway in
Everett. Exhibit A at pp. 5-6.

    The affidavit further established that: Rinaldi had several
prior convictions for violent crimes including crimes involving
firearms (Id. at p. 2); and that in SA Mercer's professional
assessment, the CI was reliable, and persons, like Rinaldi, who
own or possess firearms, generally keep them at their residences.
Id. at p. 7-8.

    On January 31, 2002, the Search Warrant was executed and
police recovered, among other things,: a loaded, 9mm pistol;
three other firearms (one loaded, one with an obliterated serial
number); 249 rounds of ammunition; heroin; two digital scales,
baggies, a bottle of inositol, and a sifter; $2,000.00 in U.S.
currency; and several knives. See Exhibits B and C attached

hereto.

**Argument**

> **I.  The Warrant Affidavit Was Sufficient
>     To Establish Probable Cause Because The
>     Confidential Informant Was Credible.**

The probable cause determination is to be upheld if "given all the circumstances set forth in the affidavit...there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).  A magistrate's determination of probable cause should be paid great deference by reviewing courts.  Id. at 236. Even "the resolution of doubtful or marginal cases...should be largely determined by the preference to be accorded to warrants." Id. at n. 10.

Where the basis for the magistrate's probable cause finding was information provided by an unnamed informant, the affidavit must provide some information from which the magistrate can assess the informant's credibility.  United States v. Greenburg, 2005 U.S. App. LEXIS 10181, 9, (1st Cir. 6/3/05) citing United States v. Barnard, 299 F.3d 90, 92-93 (1st Cir. 2002).  Many kinds of information may help establish credibility, including:

> whether an affidavit supports the
> probable veracity or basis of
> knowledge of persons supplying
> hearsay information; whether
> informant statements are self-
> authenticating; whether some or all
> of the informant's factual

4

> statements were corroborated
> wherever reasonable and
> practicable. . .; and whether a law
> enforcement affiant included a
> professional assessment of the
> probable significance of the facts
> related by the informant based on
> experience or expertise.

Id. citing United States v. Kounsavanh, 113 F.3d 279, 284 (1st Cir. 1997). "None of the factors is indispensable; thus stronger evidence on one or more factors may compensate for a weaker or deficient show on another." United States v. Zayas-Diaz, 95 F.3d 105, 111 (1st Cir. 1996).

### A. The Warrant Affidavit Included SA Mercer's Professional Assessment That The Informant Was Reliable And A Factual Basis For His Assessment.

As noted above, SA Mercer's affidavit established that the CI was credible and reliable based on SA Mercer's personal knowledge of the CI, and that the CI had previously provided reliable information to the police leading to the arrest and conviction on drug charges of four persons including Doreen Deluca. Evidence of the informant's prior credibility is relevant and in some cases is all that is needed to establish probable cause. United States v. Greenburg, 2005 U.S. App. LEXIS at 11, citing United States v. Jordan, 999 F.2d 11, 14 (1st Cir. 1993). Also, SA Mercer, himself, knew, met with, and received the relevant information from the informant. "This sort of face-to-face contact between the agent and the informant supports the

informant's reliability." <u>Id</u>. at 10 citing <u>United States v.
Gabrio</u>, 295 F.3d 880, 883 (8th Cir. 2002).  Moreover, because SA
Mercer knew the informant's identity, he could hold the informant
responsible if he provided false information.  <u>United States v.
Barnard</u>, 299 F.3d at 93.  "This tends to establish an incentive
for the informant to tell the truth."  <u>Greenburg</u> at 10 citing
<u>Florida v. J.L.</u> 529 U.S. 266, 270 (2000).

**B. Rinaldi's Assertion That Doreen Deluca Was
Not Arrested Because Of Information Received
From The CI Incorrect.**

Rinaldi claims the warrant affidavit is deficient because
Doreen Deluca was arrested for traffic violations, and not, as
stated in the affidavit, based on information provided by the CI.
His claim is demonstrably false.  As evident from the relevant
Woburn Police Arrest Report, Deluca was arrested after:
information was received concerning Deluca's location, her
expected cocaine pickup that night, and the car she was using;
and police established surveillance of Deluca and observed the
drug pickup as described in the tip.  See Woburn Police Arrest
Report, attached as Exhibit D, at pp. 1-2.  (See in particular
paragraph two wherein it states: "<u>Information</u> <u>was</u> <u>established</u> <u>on</u>
<u>this</u> <u>date</u>" concerning Deluca's location, that she drove a dark
Jeep Grand Cherokee, and that she was going to pick up cocaine
that night.  (Emphasis added).  The "information" plainly was
provided by the CI.  It was that information, not a traffic

6

violation, that led to her surveillance by the police that night, their observation of her drug deal, and, shortly thereafter, her arrest.  Id.

   **C.  The Information Provided By The CI Was Based**
       **On First-Hand, Personal Knowledge.**

   The credibility of an informant is enhanced to the extent he has provided information that indicates first-hand knowledge. Barnard, 299 F.3d at 93, citing United States v. Caggiano, 899 F.2d 99, 102-103 (1st Cir. 1990)("reliability of informant enhanced if detailed and derived from informant's personal observation rather than hearsay"); and Gates, 462 U.S. at 234 (informant's "explicit and detailed description of wrongdoing, along with a statement that the event was observed first-hand entitles the tip to greater weight").

   Here, just as in Barnard, the CI stated that he saw firearms (and a silencer and ammunition) in Rinaldi's apartment.  Also as in Barnard, he identified the firearms ("an M-11 9mm pistol" and "a large caliber black pistol".)  He further stated that: "Rinaldi stores the M-11 pistol under the pillow of his bed"; he saw the large caliber black pistol "in a plastic gun box with several clips and a silencer"; and Rinaldi stores heroin, cocaine and xanax pills in his bedroom closet for distribution.  Exhibit A at p. 4.  As the court stated in Barnard, "This first-hand information provided a link between the illegal activity observed

7

and the place to be searched.  It demonstrated the CI's knowledge
of concealed activity as opposed to easily knowable,
nonincriminating facts." Id. at 94.

### D.  The CI's Information Was Sufficiently Corroborated.

"A tipster need not deliver an ironclad case to the
authorities on the proverbial silver platter." United States v.
Diallo, 29 F.3d 23, 26 (1st Cir. 1994).  "We have never required
that informants used by the police be infallible." Illinois v.
Gates, 462 U.S. at 246, n. 14.  The "risk that an informant is
lying or in error need not be wholly eliminated." Kounsavanh,
113 F.3d at 284.  "It is enough, for the purposes of assessing
probable cause, that corroboration through other sources of
information reduced the chances of a reckless or prevaricating
tale...". Gates, 452 U.S. at 244-245.  "Corroboration of even
innocent activity reported in the tip may support a finding of
probable cause." Greenburg, 2005 U.S. App. LEXIS at 15-16, and
cases cited.

Here, the information provided by the CI was extensively
corroborated.  As noted above, police confirmed the CI's
information concerning: Rinaldi's secret residence; the
complicated location of the entrance to Rinaldi's apartment; the
cars Rinaldi was then using (including one not in his name); the
telephone number at Rinaldi's apartment; the nearby post office
box in his name; and that Rinaldi's children sometimes stayed at

the apartment.  That information was particularly significant because Rinaldi was concealing his residence at that location (534 Broadway in Everett) and purporting to live at a different location (21 Imbaro Road in Hyde Park, MA).  Exhibit A at pp. 4-6.  The corroboration of the CI's information reduced the chance that his tale was reckless or prevaricating and thereby was sufficient to support probable cause.  <u>Gates</u>, 462 at 244-245.

## II. **The Good Faith Exception Applies**

Even assuming, for the sake of argument, that the warrant here is somehow invalid, the good faith exception to the exclusionary rule applies.

The exclusionary rule should apply when officers reasonably rely on a warrant that subsequently is determined to be invalid. <u>United States v. Leon</u>, 468 U.S. 897, 922, (1984); <u>United States v. Manning</u>, 79 F.3d 212, 221 (1st Cir. 1996).  "In determining whether a reasonable officer should've known that a search was illegal despite a magistrate's authorization, a court must evaluate all the attendant circumstances."  <u>United States v. Ricciardelli</u>, 998 F.2d 8, 15 (1st Cir. 1993).  In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or if the underlying affidavit is so lacking in indicia of probable cause as to make reliance upon it entirely unreasonable.  <u>Leon</u>, 468

9

U.S. at 926; <u>United States v. Procopio</u>, 88 F.3d 21, 28 (1st Cir. 1996). Suppression is not appropriate in situations where the warrant, even though defective, is based on "evidence sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause." <u>Leon</u>, 468 U.S. at 926; <u>Ricciardelli</u>, 998 F.2d at 15.

Here, as set forth above, Rinaldi makes no showing that the Search Warrant affiant was dishonest or reckless,[1] that reliance on the affiant was entirely unreasonable, or that the approving magistrate abandoned his detached and neutral role. <u>Id</u>. Consequently, the good faith exception applies.

<u>**CONCLUSION**</u>

For the above-stated reasons, Rinaldi's motion should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By: <u>/s/CHRISTOPHER F. BATOR</u>
Assistant U.S. Attorney

Dated: October 20, 2005

---

[1] That SA Mercer incorrectly stated in his affidavit that Doreen Deluca was convicted in Malden, rather than Woburn, District Court (See Exhibit G to Rinaldi's motion) is, as Rinaldi himself notes, "not of critical consequence". (See Rinaldi's motion at p. 7).

<u>CERTIFICATE OF SERVICE</u>

I, CHRISTOPHER F. BATOR, certify that I have served a copy of the above upon Karnig Boyajian, Esq., One Gateway Center, Suite 315, Newton, MA 02458 by first class mail.

<u>/s/CHRISTOPHER F. BATOR</u>
Assistant U.S. Attorney

Dated: October 20, 2005

12