# EXHIBIT A

AO 106 (Rev. 7/87) Affidavit for Search Warrant

# United States District Court COPY

DISTRICT OF __MASSACHUSETTS__

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

The apartment residence of Kirk Rinaldi, which is further described as the second-floor rear apartment of 534 Broadway, Everett, Massachusetts, a three-story, multi-unit, wood frame dwelling with brown clapboard siding and cream trim and the numerals "534" on the outer storm door in the front

## APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

CASE NUMBER: _02-MO0018-LPC_

I __John A. Mercer, Jr.__ being duly sworn depose and say:

I am a(n) __Special Agent, Bureau of Alcohol, Tobacco and Firearms__ and have reason to believe
        Official Title

that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location)

The apartment residence of Kirk Rinaldi, which is further described as the second-floor rear apartment of 534 Broadway, Everett, Massachusetts, a three-story, multi-unit wood frame dwelling with brown clapboard siding and cream trim and the numerals "534" on the outer storm door in the front

in the _____ District of __Massachusetts__

there is now concealed a certain person or property, namely (describe the person or property to be seized)

a large caliber black pistol, a M-11 9 mm pistol, a silencer, ammunition, magazines, ammunition, and documents reflecting Kirk Rinaldi's custody and control of the premises

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

concerning a violation of Title __18__ United States code, Section(s) __922(g)(1)__.
The facts to support a finding of Probable Cause are as follows:

Continued on the attached sheet and made a part hereof.   ☒ Yes   ☐ No

Signature of Affiant    JOHN A. MERCER, JR.

Sworn to before me, and subscribed in my presence

__January 30, 2002__         at   Boston, Massachusetts
Date                                         City and State

LAWRENCE P. COHEN
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer            Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## AFFIDAVIT OF JOHN A. MERCER JR.

I, John A. Mercer Jr., being duly sworn, do state that:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, and Firearms ("ATF") and have been so employed for approximately eleven years. I am currently assigned to work with other federal, state, and local law enforcement agencies in a task force effort focusing on federal firearms, explosives and narcotics violations. Based on my training and experience as an ATF Special Agent, I know that it is a violation of 18 U.S.C. §922(g)(1) for any person who has been convicted of a felony offense to possess any firearm or ammunition in or affecting commerce, or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

2. The information contained in this Affidavit is based on my personal involvement in this investigation, my training and experience, information provided to me by other law enforcement officers, and information provided to me by a confidential and reliable informant ("CI").

3. This affidavit is submitted in support of an application for a warrant to search the second-floor rear apartment of KIRK S. RINALDI at 534 Broadway, Everett, Massachusetts, for three firearms, a large caliber black pistol,

1

an M-11 9mm pistol, and a silencer, as well as ammunition and documents and other evidence which reflect RINALDI'S possession, occupancy or control over the premises.

4. Since January 2002, I have been involved in an investigation of the activities of KIRK S. RINALDI ("RINALDI"), whose date of birth is April 14, 1963, and whose social security number is 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. I have received from the Massachusetts Criminal History Systems Board a computer printout containing RINALDI'S prior adult criminal history. The printout reveals an adult criminal history dating back to 1980 and includes fifty-six entries.

5. The printout reveals that RINALDI was convicted in Massachusetts state courts of various crimes. They include a conviction in Middlesex Superior Court in 1991 for armed assault with intent to kill, in violation of M.G.L. c. 265, §15, for which RINALDI received a sentence of eight to twenty years in a state prison (RINALDI received lesser concurrent state prison sentences for companion convictions for assault and battery by means of a dangerous weapon and unlawfully carrying a firearm). The printout also indicates that in 1981 RINALDI was convicted in Suffolk Superior Court of armed robbery while masked.

6. I have received information about RINALDI from a cooperating individual, hereinafter referred to as CI. CI has

requested that his/her identity not be revealed for fear of reprisal or harm to his/her physical safety. CI has provided accurate, truthful, and reliable information in the past and continues to do so to the present.

7. Specifically, CI has provided reliable information to the Woburn, Massachusetts Police Department Drug Unit leading to the arrest and convictions of several persons in the past. For example, in September of 2000, CI provided information that resulted in the seizure of cocaine from, and the arrest of, Doreen DeLuca in Woburn, Massachusetts. In April of 2001, DeLuca was convicted in Malden District Court of state narcotics violations. I am aware of three other individuals who were arrested by the Woburn Police Department and ultimately convicted of drug offenses based on information that was provided by CI.

8. CI told me that RINALDI resides in the second-floor rear apartment of the building located at 534 Broadway, Everett, Massachusetts. CI described the building as a multi-unit residence. CI further stated that RINALDI resides alone in the two-bedroom second-floor rear apartment by himself, but that occasionally his children stay at the apartment with him. According to CI, the only entrance to RINALDI'S apartment is from the first-floor back porch of the building, through a door on the far left-hand side of the porch while facing the house (there is

3

a second door in the middle of the porch that leads elsewhere), up a flight of stairs, and through a single door at the top of the stairs into the apartment. CI stated that RINALDI'S brother owns the building at 534 Broadway in Everett.

9. CI told me that during the third week of January, 2002, he/she observed a large caliber black pistol contained in a plastic gun box with several "clips" and a silencer, and an M-11 9mm pistol, in RINALDI'S second-floor rear apartment at 534 Broadway in Everett. CI also stated that RINALDI stores the M-11 9mm pistol under the pillow of his bed and that he distributes heroin, cocaine and xanax pills and stores them in his bedroom closet.

10. CI further told me that RINALDI drives a white Cadillac and a late model light blue/gray BMW with New Hampshire license plates. CI also told me that RINALDI'S telephone number at 534 Broadway in Everett is (617) 389-8605.

11. I have observed the building at 534 Broadway in Everett. It is a three-story, multi-unit, wood frame dwelling with brown clapboard siding, cream trim, and an asphalt shingle roof. The main entrance to 534 Broadway is clearly marked with the numerals "534" displayed on the outer storm door. In the rear of the building there is an open porch on the first floor with a door in the middle of the porch and one on the far left-

4

hand side.

12.  While observing the building at 534 Broadway in Everett on January 24, 2002, I saw a white Cadillac Sedan Deville, Massachusetts registration 5437RV, parked in the driveway of the property.  On January 28 and 29, 2002, other ATF agents and local police officers observed a gray BMW sedan, New Hampshire registration 1313254, parked in the driveway of the property.

13.  According to the records of the Massachusetts Registry of Motor Vehicles ("RMV"), on July 18, 1997, RINALDI renewed his driver's license and reported that his address was 21 Imbaro Road, Apartment 3, Hyde Park, Massachusetts.  RMV records also indicate that RINALDI leased a white 1997 Cadillac Sedan Deville, Massachusetts registration 5437RV, which is registered through Provident Auto Leasing and leased by RINALDI at 21 Imbaro Road, Hyde Park, Massachusetts.

14.  According to the records of the New Hampshire Registry of Motor Vehicles, a gray 1997 BMW, New Hampshire registration 1313254, is registered to one Frederick W. Davis, 35 Harriman Hill Road, Raymond, New Hampshire.

15.  According to records of Verizon, the subscriber for telephone number (617) 389-8605 is one Albert C. Rinaldi, with a listed address of 534 Broadway, Everett, Massachusetts.

16.  On January 25, 2002, I interviewed Parole Officer

5

Joseph Waystack of the Massachusetts State Parole Office. Officer Waystack told me that he is presently supervising RINALDI while RINALDI is on parole. Officer Waystack reported that RINALDI was paroled from state prison on June 2, 1997, after serving approximately six years of the eight to twenty-year prison sentence referenced in paragraph 5 above. RINALDI'S parole is scheduled to terminate in November of 2008. Officer Waystack told me that RINALDI is supposed to be residing at 21 Imbaro Road, Apartment 3, Hyde Park, Massachusetts. According to Officer Waystack, RINALDI'S cousin, James Rinaldi, owns the residence. Over the past year Officer Waystack has performed approximately one dozen "unscheduled" visits to 21 Imbaro Road, Apartment 3, Hyde Park, Massachusetts and not once on those occasions observed or met with RINALDI there. The only time Officer Waystack has been able to meet with RINALDI at that apartment is when he has called RINALDI in advance and made an appointment. It is Officer Waystack's belief that RINALDI does not reside at 21 Imbaro Road, Apartment 3, Hyde Park, Massachusetts.

17. I have learned from United States Postal Inspector Barry Jenkins that RINALDI rented post office box number 24 at the United States Post Office at 391 Broadway, Everett, Massachusetts on September 3, 1999, and that RINALDI continues to

receive mail there to this date.

18. On January 29, 2002, at approximately 3:30 P.M., ATF Special Agents observed RINALDI and an unidentified young male exit the left rear door on the first-floor porch in the rear of the building at 534 Broadway in Everett. RINALDI and the young male were then observed walking to the driveway of the property and then cleaning a black Mercedes sedan, Massachusetts registration 5437RV (the same registration number that I had previously observed on the white Cadillac referenced in paragraph 12 above) that was parked there.

19. Based on my training and experience as an ATF Special Agent, I know that the great majority of handguns possessed in Massachusetts are manufactured outside this state. Smith and Wesson is the only major manufacturer of handguns in Massachusetts, and even many Smith and Wesson firearms are shipped outside of Massachusetts to dealers and distributors after their manufacture, and then are later shipped back into this state for retail sale. Based on my training and experience as an ATF Special Agent, I also know that no ammunition is commercially manufactured in Massachusetts.

20. Based on my training and experience as an ATF Special Agent, I know that individuals who own and possess firearms normally possess and maintain them for long periods of time.

7

Persons who own or possess firearms generally keep them on their person, in their residence, or in their vehicles, because firearms are somewhat expensive and do not easily wear out. Firearms are similar in that regard to tools, which people typically buy and maintain over a long period of time. It has also been my experience that persons maintain firearms along with ammunition for the firearms in a location to afford ease of access and to provide security.

21. Based on the information contained in the foregoing paragraphs, there is probable cause to believe that currently in the second-floor rear apartment at 534 Broadway, Everett, Massachusetts, there is located evidence of a violation by KIRK S. RINALDI of 18 U.S.C. §922(g)(1), including a large caliber black pistol, an M-11 9mm pistol, a silencer, ammunition, personal papers, mail, and/or other documents evidencing the custody or control of the premises.

22. Based on the information contained in the foregoing paragraphs, I seek a "no-knock" warrant to search the second-floor rear apartment at 534 Broadway, Everett, Massachusetts, as there is a reasonable suspicion that if, prior to the execution of the search warrant, officers first knock and announce their presence, it would endanger their safety by exposing them to the threat of physical violence from RINALDI. This reasonable

suspicion is based on RINALDI'S history of criminal conduct, most notably his prior convictions for serious crimes of violence, as well as upon the reliable information that he has several firearms in the apartment, one of which he keeps under his bed (for apparent ready access thereto) and is engaged in drug dealing.

*[signature]*
John A. Mercer Jr.
Special Agent
Bureau of Alcohol, Tobacco
and Firearms

Sworn and subscribed to me this thirtieth day of January, 2002.

*[signature]*
LAWRENCE P. COHEN
United States Magistrate Judge

9

# EXHIBIT B

| RETURN | | | CASE NUMBER: |
|---|---|---|---|
| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
| 1/30/2002 | 1/31/2002  1 30pm | | at premises |
| INVENTORY MADE IN THE PRESENCE OF | | | |
| S/A Dan Meade and S/A Matthew O'Shaunessey | | | |

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

1. Smith & Wesson, Model 36, .38 caliber, revolver, serial number obliterated

2. A.A. Arms Inc, Model AP9, 9mm, pistol, serial number 009451 -- loaded

3. Raven Arms, MP-25, .25 caliber, pistol, serial number 1877903 - loaded

4. Browning, 1905 FN, .25 caliber, pistol, serial number 780288

5. 249 rounds of assorted ammunition

6. Tanita digital scale

7. Prison documents, credit cards, photos, receipts, bills, mail, MA drivers license re: Kirk Rinaldi

8. a quantity of heroin

9. $2,000 U.S. currency

10. O'haus digital scale

11. several knives

**CERTIFICATION**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____
U.S. Judge or Magistrate Judge     Date

# EXHIBIT C

```
                         POLICE OFFICER'S FORMAL REPORT        01/31/02 20:24
                            EVERETT POLICE DEPARTMENT                   PAGE:
   Case#:  215726                                                      TTYR027
```

*** NARRATIVE ***

EXECUTED AT 534 BROADWAY APT.#2, THE HOME OF KIRK RINALDI. MR. RINALDI WAS NOT AT HOME WHILE THE WARRANT WAS BEING EXECUTED, HE WAS AT HIS PAROLE OFFICER'S OFFICE FOR AN INTERVIEW. ACCORDING TO MR. RINALDI'S PAROLE OFFICER HIS TRUE ADDRESS IS SUPPOSED TO BE 21 IMBARO ROAD HYDE PARK MA. THE ATF BELIEVES THAT MR. RINALDI WAS USING THE EVERETT ADDRESS AS A STASH HOUSE FOR NARCOTICS AND FIREARMS. THE EVERETT ADDRESS WAS UNKNOWN TO THE PAROLE OFFICER. DURING THE SEARCH OF 534 BROADWAY (4) FOUR FIREARMS WERE RECOVERED ALONG WITH NUMEROUS ROUNDS OF AMMONITION. RECOVERED WAS AN AMERICAN ARMS 9MM SEMI AUTO PISTOL, FULLY LOADED, WITH A ROUND IN THE CHAMBER. A RAVEN .25 SEMI AUTO PISTOL, A .25 BROWNING SEMI AUTO PISTOL AND A .38 CAL SMITH & WESSON REVOLVER. BECAUSE OF MR. RINALDI'S PAROLE STATUS, HE HAS NO RIGHT TO POSSESS THESE WEAPONS. IN THE OFFICE AREA OF MR. RINALDI'S HOME WAS RECOVERED 2 CLEAR BAGGIES CONTAINING A BROWN HARD ROCK SUBSTANCE WE BELIEVE TO BE HEROIN. ALSO SEIZED IN THIS AREA WAS $2010.00 IN US CURRENCY AND A BOTTLE OF INOSITUL, A SIFTER AND TWO SPOONS WITH A WHITE POWDER RESIDUE. IN MR. RINALDI'S BEDROOM WAS RECOVERED ANOTHER CLEAR SANDWICH BAG CONTAINING A BROWN POWDER SUBSTANCE WE BELIEVE TO BE HEROIN. THE FIREARMS SEIZED ARE BEING HELD BY THE ATF FOR THE FEDERAL PROSECUTION OF MR. RINALDI AND THE NARCOTICS WERE SEIZED BY THE EVERETT PD FOR VIOLATION OF STATE NARCOTIC OFFENSES. ALL EVIDENCE SEIZED BY EVERETT PD WAS PLACED INTO THE EVIDENCE SYSTEM FOR ANALYSIS AND THE CURRENCY SEIZED WILL BE FILED FOR FORFEITURE. A WARRANT WILL BE SOUGHT FOR THE ARREST OF KIRK RINALDI FOR POSSESSION W/I TO DISTRIBUTE TO WIT HEROIN AND SCHOOL ZONE VIOLATIONS (EVERETT HIGH SCHOOL).
===============================================================
CASE STATUS : OPEN ( )   SUSPENDED ( )   UNFOUNDED ( )   CLOSED (✓)
CLOSED BY : ARREST MADE ( )  CRIM COMP APP ( )  ARR WARR APP (✓)
REF FOR PRIV COMP ( )  REF TO OTHER AGENCY ( )
FURTHER ACTION REQUIRED? ( )YES (✓)NO   TO WHOM: _____
OTHER: DOMESTIC ( )  CHILD ABUSE/NEGLECT ( )  HATE CRIME ( )
ALCOHOL ( )  DRUG/NARCOTICS (✓)  GANG RELATED ( )

_Thomas Kinsella_ 01/31/02                _____
REPORTING OFF'S SIG.  DATE/TIME          OIC SIGNATURE        DATE/TIME

_Sgt. Paul Strong_ 01/31/02 2031         _____
SUP. OFF'S SIG.       DATE/TIME          OIC SIGNATURE        DATE/TIME

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE PURSUANT TO SECTION 269 13A OF THE MASSACHUSETTS STATE CRIMINAL LAW.

C/

# EXHIBIT D



(617) 932-4547

# City of Woburn, Massachusetts

POLICE HEADQUARTERS

25 Harrison Avenue, Woburn, Massachusetts 01801

## CRIMINAL INVESTIGATIONS DIVISION

### Vice/Narcotics Unit

September 15, 2000

To: Sgt. Det. Mooney
Re: Arrest Report on Doreen M. DeLuca, Case #254384

    On Friday, September 15, 2000, this reporting officer, Insp. Angelo J. Piazza, Jr., along with Insp. Edward Fumicello, Sgt. Det. Mooney, and members of the N.E.M.L.E.C. (North Eastern Massachusetts Law Enforcement Council) Drug Task Force, conducted a surveillance operation resulting in the arrest of Doreen M. DeLuca. DeLuca was arrested and charged with the following: Possession of a Class "B" Substance (Cocaine) With Intent to Distribute, Operation of a Motor Vehicle After License Suspended – Subsequent Offense, and three outstanding warrants (for motor vehicle and drug distribution charges).

    Information was established on this date, by Sgt. Det. Mooney and this reporting officer, that Dorreen DeLuca was staying at the apartment of Edmund Kilrow at 111 Locust St. in the City of Woburn. Additional information being that she was operating a late 1990's Jeep Grand Cherokee, dark in color, further, that she was using the alias Annette Re (DOB 05/28/71). Additionally, information was that DeLuca was distributing/trafficking cocaine in the Jeep as above, further, that she was going to make a pickup of cocaine on this night and bring it back to the 111 Locust St. location for distribution.

    Doreen is known to several police departments as a cocaine abuser and distributor. The N.E.M.L.E.C. Drug Task Force has had open drug related cases on her in the past, further, she has been arrested on some drug charges and narcotics have been seized as a result of these investigations. DeLuca was also known to this unit as having outstanding warrants.

    Surveillance was set up at 3:00 PM on the apartment at 111 Locust St. We were able to identify the Jeep as bearing Massachusetts registration of 5528PP. This vehicle

was, in fact, a Grand Cherokee Jeep, color black, registered to John T. Torre, DOB 01/31/58, of 321 Prospect Av. in Revere. Torre is a known associate of DeLuca's as well as a substance abuser.

DeLuca was observed leaving the Locust St. apartment complex at approximately 7:14 PM driving the Jeep, as above. Unmarked mobile surveillance units followed DeLuca to Chelsea, MA, where a white male entered the passenger side of the Jeep. This male stayed within that passenger seat for just a few minutes before exiting and walking away. Det. Fumicello observed this male, upon exiting the Jeep, put a small square item down the front of his pants, further, the item appeared to be paper (money?). DeLuca was then followed back to Woburn where a motor vehicle stop was conducted on Cambridge Rd. near Bedford Rd.

DeLuca was taken into custody at this motor vehicle stop on the outstanding warrants. A check of DeLuca's person at this scene by Officer Gerardi produced cocaine in an open plastic baggie corner (this plastic baggie corner within a plastic sandwich baggie) from DeLuca's front left jeans pocket. As Officer Gerardi was reaching into that pocket DeLuca volunteered, "You got it." DeLuca's license to operate a motor vehicle was also suspended.

A marked cruiser was requested and DeLuca was transported to the station where she was booked by Sgt. Connolly and further processed (photos, fingerprints, etc.). The Jeep was towed to the station by Green St. Motors and further inventoried by Det. Fumicello. A scale, eight silver coins, a cellular telephone, and $209.00 in U.S. Currency was seized as evidence.

A supplemental report will follow.


Respectfully submitted,
Insp. Angelo J. Piazza, Jr.

c/