UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-CR-10385-RGS

UNITED STATES OF AMERICA

v.

KIRK RINALDI

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR DISCLOSURE OF THE IDENTITY OF
A COOPERATING WITNESS

January 19, 2006

STEARNS, D.J.

Defendant Kirk Rinaldi is charged as a felon in possession of firearms and ammunition pursuant to 18 U.S.C. § 922(g)(1).  Rinaldi seeks an order compelling the government to disclose the identity of a confidential informant who told an ATF agent that he or she had observed firearms in Rinaldi's apartment.  The agent used the information to obtain a search warrant.  The search led to the recovery of three firearms and a quantity of ammunition.

The government has a common-law privilege to keep its sources of information confidential.  McCray v. Illinois, 286 U.S. 300, 308-309 (1967).  The privilege is not absolute.  "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way."  Roviaro v. United States, 353 U.S. 53, 60-61 (1957).  See also Banks v. Dretke, 540 U.S. 668, 697-698 (2004).  If the informant is a participant in or a percipient witness to a crime, the privilege will generally

yield.  United States v. Martinez, 922 F.2d 914, 921 (1st Cir. 1991).

The law, however, draws a distinction between a mere "tipster" and a witness to a crime.  An informant's identity is not ordinarily discoverable if his or her information bears solely on the issue of probable cause for an arrest or search.  McCray v. Illinois, 386 U.S. 300, 311-312 (1967); United States v. Martinez, 922 F.2d 914, 921 (1st Cir. 1991).  See United States v. Gomez-Genao, 267 F.3d 1, 3 (1st Cir. 2001) ("When the informant is a tipster as opposed to a participant in the crime, disclosure of the informant's identity when there is a perceived threat is only required in exceptional circumstances under which it is vital to a fair trial.").

Cases discussing the informant privilege have also "maintained the distinction between a demand for disclosure at a pretrial hearing, where the issue is probable cause for arrest or a search, and a demand for disclosure at trial, where the issue is the defendant's ultimate guilt or innocence."  Commonwealth v. Lugo, 406 Mass. 565, 571 (1990).  If, of course, the government proposes to call the informant as a witness at trial, his or her identity must be disclosed. Given the possessory nature of the offense, there appears no intention (or necessity) on the part of the government to do so.  Absent such an intention, the motion to compel must be and is DENIED.[1]

SO ORDERED.

/s/ Richard G. Stearns

_____

---

[1]The cases cited by Rinaldi for the proposition that he has an "absolute right" to an opportunity to seek an interview with a government witness prior to trial confuses the distinction between witnesses and mere tipsters.

UNITED STATES DISTRICT JUDGE