UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-CR-10385-RGS

UNITED STATES OF AMERICA

v.

KIRK RINALDI

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO SUPPRESS

January 20, 2006

STEARNS, D.J.

Defendant Kirk Rinaldi seeks to suppress firearms and ammunition seized from his apartment in Everett, Massachusetts, pursuant to a search warrant issued by a Magistrate Judge of this court. The warrant was issued on January 30, 2002, and executed the following day. Defendant's principal objection appears to be directed to the fact that the Magistrate Judge found probable cause based on a confidential informant's tip. According to defendant, the tip failed to meet the two–pronged basis of knowledge and reliability test of Aguilar v. Texas, 378 U.S. 108 (1964), and Spinelli v. United States, 393 U.S. 410 (1969).[1]

According to the sworn affidavit presented to the Magistrate, the informant is an individual known to the affiant who had previously given reliable information to another

---

[1] Defendant incorrectly invokes the Massachusetts art. 14 test, see Commonwealth v. Upton, 394 Mass. 363 (1985), which requires separate showings of the informant's basis of knowledge and reliability, rather than the more flexible totality-of-the circumstances test applied by the federal courts. See Illinois v. Gates, 462 U.S. 213 (1983).

police agency leading to the arrest and conviction of several persons for drug offenses, including one defendant specifically named in the affidavit, and three others, who although unnamed, were known to the affiant. According to the informant he or she had been in Rinaldi's apartment during the week prior to the date on which the warrant issued, and had seen several guns, including a nine millimeter pistol which Rinaldi kept hidden under the pillow of his bed. The informant supplied the affiant with the address of Rinaldi's apartment, a description of Rinaldi's car, and the apartment's telephone number.[2]

The basis of knowledge test requires that the affiant explain how the informant came to acquire the information contained in the tip. If the informant claims to have seen or overheard what he or she reports, the test is satisfied by simply saying so. See United States v. Del Toro Soto, 676 F.2d 13, 19-20 (1st Cir. 1982). Even where the basis of the informant's knowledge is unclear, the detail and precision of the tip "may sometimes imply that the informant has observed the facts." Spinelli, 393 U.S. at 425 (White, J., concurring).

Under the reliability prong of the Aguilar-Spinelli test, the informant must be shown to be a credible person whose information is worthy of being believed. A common means of demonstrating an informant's credibility is by reciting prior instances in which the informant's tips led to arrests, convictions, and seizures. See United States v. Muckenthaler, 584 F.2d 240, 244 (8th Cir. 1978). The specificity of the tip may also in appropriate circumstances buttress its reliability. See Commonwealth v. Aarhus, 387 Mass. 735, 744 (1982). And unlike the case here, where both prongs of the test are

---

[2]The descriptive information was independently corroborated by the affiant.

facially satisfied, a deficiency in the showing on one of the Aquilar-Spinelli prongs may be compensated by a strong showing as to the other, Gates, 462 U.S. at 233, or it may be remedied by independent corroboration. See Draper v. United States, 358 U.S. 307 (1959).

As carefully as defendant has parsed the instant affidavit, he is unable to point to any legal deficiency in the showing of probable cause. At most, he identifies a non-material factual error (a mistake in the name of the court in which a defendant prosecuted on a prior tip was convicted) and offers speculation that the informant might have been a trespasser on his premises, but without any evidence that it might have been the case, or any hint of the legal consequences if it was. There is simply no basis upon which the motion to suppress can be allowed.

## ORDER

For the foregoing reasons, the motion to suppress is DENIED.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE