UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | * | |
| | * | |
| VS | * | NO. 03-CR-10385-RGS |
| | * | |
| KIRK RINALDI | * | |

### DEFENDANT'S MOTION TO DISMISS INDICTMENT AND MEMORANDUM OF LAW

The defendant, Kirk Rinaldi, moves the court to dismiss the within Indictment returned against him by the grand jury on December 17, 2003, containing three counts alleging violations of the U.S. firearms and controlled substance laws, as follows:

    Count 1   18 U.S.C 922 (g) (1)    - Felon in Possession of Firearms
    Count 2   21 U.S.C. 841 (a) (1)   - Possession with Intent to Distribute Heroin
    Count 3   18 U.S.C. 924 (c)       - Possession of Firearm in Furtherance of Drug Trafficking

As ground for the within motion the defendant submits that he has been denied a speedy trial under due process of law, and pursuant to 6TH Amendment, 18 U.S.C. 3161, Local Rule 112.1, and such case law as is relevant thereto.

### BACKGROUND

On January 30, 2002, John A. Mercer, Jr., Special Agent of the Bureau of Alcohol, Tobacco and Firearms, filed an Application and Affidavit for Search Warrant with a magistrate judge of the U.S. District Court for the District of Massachusetts based upon information obtained from a confidential informant seeking to search the "second-floor rear apartment of 534 Broadway, Everett, Massachusetts."  The search warrant issued on that same day and was executed on January 31, 2002, in conjunction with members of the police department of Everett, Massachusetts.  The search uncovered various firearms and drugs.

1

Initially, a complaint was sought by the Everett Police Department and issued against the defendant from the Malden District Court on February 1, 2002, charging only violations of the drug laws of Massachusetts as a result of the drugs seized from the subject property, <u>but no charges were then made for any gun offenses</u>.  The defendant was arrested a few days later while visiting his parole officer for violation of a Massachusetts parole which arrest resulted directly from the items obtained from the search and seizure and referenced in the Massachusetts criminal complaint.

The Commonwealth of Massachusetts *nolle prossequed* the state criminal complaint on February 7, 2003.  The within indictment was returned against the defendant over ten months later on December 17, 2003.  The defendant was brought into court for arraignment on or about January 14, 2004, following which he has remained in exclusive federal custody until the present time.

Specific details of the foregoing search and seizure and defendant's arrest are contained in Defendant's Motion To Suppress Evidence filed in this case on September 15, 2005, which motion was heard on January 6, 2006, and denied by the court's order entered on January 20, 2006.

<u>Basis For Dismissal #1</u>:  Normally, pre-indictment delay is not generally sufficient to violate the speedy trial requirements of the law.  <u>U.S. v. Marion</u>, 404 U.S. 325 (1971)  In this case, however, the Bureau of Alcohol, Tobacco and Firearms Bureau was intimately, if not primarily, involved with the investigation of the defendant and the search and seizure of gun items from the subject property. In fact, it was the ATF, not local authorities, who prepared the affidavit and procured the search warrant from a U.S. Magistrate Judge of this court on January 30, 2002, which commenced the entire proceedings that was first brought in the state court and then this court.  Through some apparent and unexplained arrangement with local police authorities, however, the federal agents withheld seeking prosecution of the defendant and allowed him to be initially charged in the state court.  The federal agents also allowed the defendant to remain in state confinement for the apparent parole violation,

and during the existence of the state criminal complaint which had issued against him, which complaint *did not* include any charges for gun offenses that are the subject of this indictment. The government failed to indict the defendant until December 17, 2003, almost two years later after it was fully aware of the gun offenses against him. It is also quite clear from the foregoing facts that the federal ATF authorities had more than mere "suspicious knowledge" of the defendant's criminal activities, which by itself might not have warranted indictment . The knowledge they had was, in fact, sufficiently documented to accuse him of federal crimes, as demonstrated by their filing an informed Application For Search Warrant which they used to seek, obtain and execute a federal search warrant on January 31, 2002, and upon which the seized items from the subject apartment is the basis of this indictment. The government then unilaterally chose to withhold its prosecutorial effort until the instant indictment issued almost two years later. The defendant submits that this delay was unnecessary and extraordinarily lengthy, causing inherent prejudice to him by disallowing his then prior counsel to timely, completely and properly investigate the facts of the case and to prepare defenses to the charges that emanated therefrom.

     Defendant submits that the inexcusable delay in this instance is from January 31, 2002, the date of execution of the federal search warrant issued from this court, to December 17, 2003, the date of return of the indictment in this case: <u>a total of 685 days ±</u>.

     <u>Basis For Dismissal #2</u>: On June 21, 2006, defendant filed a Motion for a non-interview Pre-Plea Presentence Report, which motion was granted by the court on July 7, 2006. On December 29, 2006, the Presentence Report was mailed by the Probation Office to defense counsel and was received on or about January 2, 2007. Defendant's Response To Presentence Report was filed with the Probation Office this date. Any delay in the filing of a response does not cure the prior delay that occurred in the issuance of the PSR.

Defendant submits that the inexcusable delay in this instance, while allowing for a reasonable thirty-day period for a non-interview preparation of the PSR, still totals 145 days ±.

While the defendant may acknowledge that earlier orders of the court granting excludable time in this case may have been appropriate, it is submitted that such orders did not, and under principles of due process, cannot lawfully or justifiably be granted for the two periods of time advanced above by the defendant in support of the within motion.

The defendant submits that delays in commencing prosecution against the defendant in the first instance and in the issuance of the PSR, both independently and combined, have acted to the great prejudice of the defendant, during which time he has remained in jail, principally as a result of the federal government's sole and exclusive action in obtaining its search warrant against the subject property which started the entire criminal process until the present.

## MEMORANDUM OF LAW

That a speedy trial for an accused individual is fundamental is amply supported by law:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial…. U.S. Constitution, 6th Amendment; Klopfer v. North Carolina, 386 U.S. 213 (1967)

> A defendant is clearly considered an "accused" person within the meaning of the amendment when he is arrested. Barker v. Wingo, 407 U.S. 514 (1972)

> The right to a speedy trial does not apply to the period of time prior to indictment, at least until the defendant is arrested. (Emphasis supplied) U.S. v. Churchill, 483 F.2d 268 (1st Cir. 1973); citing U.S. v. Marion, 404 U.S. 325 (1971)

> If a plea is not guilty, trial shall commence within 70 days from the latter of:
> (1) filing date of the information or indictment, or (2) date that the defendant appeared before a judicial officer of the court in which the charge is pending.
> 18 U.S.C. 3161(c)(1)

4

The defendant further submits that those periods of delay which may be considered as being "excludable time" as cited in the law and local rules, 18 U.S.C. 3161(h) and Local Rule 112.2, do not include therein the reasons cited by the defendant in support of the within motion.

The sanction for failing to meet the time limits of the statute "…*shall* be dismiss(al) on motion of the defendant. 18 U.S.C. 3162(a)(2)

**Wherefore, defendant moves**

1. That the court dismiss all counts of the within indictment against the defendant with prejudice.

2. That the government be barred from re-indicting the defendant for the same offenses described in the within indictment.

3. That the court enter an order to the U.S. Marshall for the immediate release of the defendant from federal custody.

4. To enter such other orders as may be commensurate with its foregoing orders.

|  |  |
|---|---|
| March 8, 2007 | /s/ Karnig Boyajian<br>Karnig Boyajian, (BBO #052080)<br>Attorney for Defendant<br>One Gateway Center, Suite 315<br>Newton, MA  02458-2802<br>Tel. (617) 332-2222<br>Fax. (617) 332-2221 |

**CERTIFICATE**

I hereby certify a copy of the within motion was this date served on counsel of record for the government, Lisa M. Asiaf, AUSA, c/o U.S. Attorney's Office, One Courthouse Way, Suite 9200, Boston, MA, 02110, by electronic filing notice.

|  |  |
|---|---|
| March 8, 2007 | /s/ Karnig Boyajian<br>Karnig Boyajian |