## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 03-10385-RGS |
| KIRK RINALDI,        Defendant. | ) ) ) ) | |

## OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INDICTMENT

The United States of America (the "government") submits this memorandum in opposition to the Motion to Dismiss Indictment filed by the defendant, Kirk Rinaldi ("Rinaldi") on March 8, 2007. See Docket Entry No. 55. For all of the reasons set forth below, Rinaldi's motion lacks merit and should be denied.

### I.   INTRODUCTION

#### A.   Procedural Background

In or about January 2002, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") became involved in the investigation of Rinaldi, who was suspected of being engaged in serious drug and firearms violations in Everett, Massachusetts. At that time, Rinaldi's criminal record revealed a criminal history dating back to 1980, including a 1981 conviction for armed masked robbery in Suffolk Superior Court and a 1991 conviction for armed assault with intent to kill in Middlesex Superior Court. The 1991 conviction resulted in a sentence of 8-20 years' imprisonment. After serving the prison term associated with this sentence, Rinaldi was released on parole in June 2, 1997.

On January 30, 2002, U.S. Magistrate Judge Lawrence P. Cohen issued a search warrant authorizing a search of Rinaldi's apartment at 534 Broadway, Everett, for evidence of firearms and documents reflecting Rinaldi's custody and control of the premises. See Docket No. 02-MJ-00018-LPC. Upon executing the search warrant the next day, officers seized, *inter alia*, four firearms, numerous rounds of ammunition, two bags of uncut heroin, two digital scales, and $2,000 in cash. Two days later (on February 1, 2002), the Malden District Court issued a criminal complaint against Rinaldi, charging him with state narcotics violations. These charges constituted a violation of the state parole that followed Rinaldi's 8-20 year prison sentence discussed above. On February 13, 2002, the Middlesex Superior Court therefore revoked his parole and sent him back to prison, where he stayed until September 22, 2004, when his parole was terminated.

Meanwhile, on February 7, 2003, the state prosecution in Malden District Court was *nolle prossequed*, and on December 17, 2003, a federal grand jury returned the instant three-count indictment against Rinaldi. This indictment, which charges Rinaldi with (1) being a felon in possession of firearms and ammunition, (2) possession with intent to distribute heroin, and (3) possession of a firearm in furtherance of a drug trafficking crime, was returned nine months before his state parole sentence terminated on September 22, 2004.

On January 14, 2004, Rinaldi was "habed" into federal court for an Arraignment on this indictment, after which he was returned to state custody. See Electronic Clerk's Notes (Jan. 14, 2004). Since that time, this case has proceeded in the normal course. Although the case has been pending for over three years, nearly all of the delays in this matter are attributable to the

defendant's own motions and requests for continuances.[1]  Indeed, a review of the docket shows that <u>nearly all</u> of the time during which this case has been pending is excludable – and has, in fact, been excluded by the Court – under the Speedy Trial Act.  The only periods of excludable delay which are clearly excludable, but have not been actually ordered excluded by the Court are the periods set forth in the government's recent Motion to Exclude Time.[2]  <u>See</u> Docket Entry No. 53 (Mar. 6, 2007).  Including these exclusions set forth in the government's motion, only 34 days have elapsed under the Speedy Trial clock.

For these reasons, and for the reasons set forth below, the government respectfully requests this Court to allow its Motion to Exclude Time and to deny the defendant's Motion to Dismiss the Indictment.

**B.    Defendant's Motion to Dismiss**

In his motion, Rinaldi argues that the Court should dismiss the Indictment on two grounds:  (1) pre-indictment delay under <u>United States v. Marion</u>, 404 U.S. 325 (1971), and (2) delay attributable to the Pre-Plea Presentence Report ("PSR").  <u>See</u> Docket Entry No. 55

---

[1]  For example, the defendant filed several motions relating to alleged problems with his representation, including motions concerning even his current attorney, which resulted in numerous periods of excludable delay.  <u>See</u> Docket Entry Nos. 19, 29, 45, 50.  The defendant also requested numerous express continuances to provide additional time for him to review discovery, prepare motions, and confer with his counsel, <u>see, e.g.</u>, Electronic Clerk's Notes dates Feb. 20, 2004, Mar. 23, 2004, April 22, 2004, May 19, 2004, July 8, 2004, Sept. 8, 2004, Nov. 3, 2004, Dec. 3, 2004, Feb. 3, 2005, Mar. 4, 2005, May 4, 2005, as well as substantive pre-trial motions, which gave rise to excludable periods of delay, <u>see, e.g.</u>, Docket Entry Nos. 33, 47.

[2]  The argument herein is also submitted in support of the government's Motion to Exclude Time.  See Docket Entry No. 53.  Although the defendant has objected to the "Pre-Plea PSR" portion of the government's motion via his Motion to Dismiss, he has not objected to the other periods of time set forth in the government's motion, which are clearly excludable under the Speedy Trial Act.

3

(Mar. 8, 2007) at 2-5.  The government addresses each of these arguments, neither of which provides a basis for dismissal of the indictment, in turn.

## II.   ARGUMENT

### A.   Pre-Indictment Delay

According to Rinaldi's "Basis For Dismissal #1," the indictment should be dismissed under the Sixth Amendment of the Constitution because of the "inexcusable delay ... from January 31, 2002, the date of execution of the federal search warrant issued from this court, to December 17, 2003, the date of return of the indictment in this case: a total of 685 days+/-."  See Docket Entry 55 (Mar. 8, 2007) at 3.  In support of this argument, Rinaldi states that the government indicted him "almost two years [] after it was fully aware of the gun offenses against him" and argues that this prejudiced him by "disallowing his then prior counsel to timely, completely and properly investigate the facts of the case and to prepare defenses to the charges that emanated therefrom."  Id.  Rinaldi concludes that this case should therefore be dismissed for pre-indictment delay under United States v. Marion, 404 U.S. 325 (1971).

The government respectfully, but strenuously, disagrees.  Contrary to Rinaldi's argument, the Sixth Amendment provides no speedy trial rights to a defendant during the *pre-indictment* stage of a case.  See Marion, 404 U.S. at 463 (holding "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment").  The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."  U.S. CONST. Amend. VI (emphasis added).  As stated by the Supreme Court, "[o]n its face, the protection of the Amendment is activated

only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution.'" Marion, 404 U.S. at 459. Accordingly, "as far as the Speedy Trial Clause of the Sixth Amendment is concerned, [pre-indictment] delay is wholly irrelevant." United States v. Lovasco, 431 U.S. 783, 788 (1977); see also United States v. Marler, 756 F.2d 206, (1st Cir. 1985) (finding Sixth Amendment right to speedy trial not triggered by state charges stemming from same course of conduct due to dual sovereignty doctrine; rather, federal indictment triggered federal defendant's constitutional right to speedy trial); United States v. Churchill, 483 F.2d 268, 272 (1st Cir. 1973) (noting "[t]he Sixth Amendment speedy trial provision does not apply to the period before indictment, at least until the defendant is arrested").

Instead, statutes of limitations are the primary guard against pre-indictment delay. See Marion, 404 U.S. at 322 (noting that statutes of limitations provide "the primary guarantee against bringing overly stale criminal charges") (quoting United States v. Ewell, 383 U.S. 116, 122 (1966)). Even so, the Constitution does, in fact, provide some additional, limited protection against pre-indictment delay – under the Fifth Amendment Due Process Clause. See United States v. Gomez-Rosario, 418 F.3d 90 (1st Cir. 2005) (distinguishing between Sixth Amendment right against undue delay before *trial* and Fifth Amendment right against undue delay before *indictment*). As stated by the First Circuit:

> [a]lthough statutes of limitations are "the primary guarantee against bringing overly stale criminal charges," ... the Supreme Court has held that "the Due Process Clause has a limited role to play in protecting against oppressive delay." [citations omitted].

Marler, 756 F.2d at 213. Specifically:

> [t]o prevail on a due process challenge, a defendant bears the heavy burden of

5

>showing that the delay in indictment caused him *actual* prejudice *and* that the delay was "undertaken by the Government solely 'to gain tactical advantage over the accused.'"  [citations omitted].

Id. (emphasis in original); see also Marion, 404 U.S. at 324 (setting forth two-prong burden to establish Fifth Amendment claim of pre-indictment delay); Gomez-Rosario, 418 F.3d at 108 (applying two-prong inquiry to Fifth Amendment claim of pre-indictment delay).

Rinaldi has failed to establish either of these requirements.  First, Rinaldi has failed to demonstrate any "actual prejudice" caused by the government's delay in indicting him on the instant charges.  See Marion, 404 U.S. at 325 (requiring showing of "actual prejudice").  Instead, Rinaldi simply states, in conclusory fashion, that he was prejudiced because his prior lawyer could have conducted a more timely investigation into the facts underlying the charges had Rinaldi been indicted closer in time to the execution of the search warrant.  See Docket Entry No. 55 at 3 (arguing that the "inexcusable delay ... from January 31, 2002, the date of execution of the federal search warrant ... to December 17, 2003, the date of return of the indictment" prejudiced Rinaldi by "disallowing his then prior counsel to timely, completely and properly investigate the facts of the case and to prepare defenses to the charges that emanated therefrom").  Rinaldi has not suggested one specific instance of prejudice, such as the unavailability of a material witness who would have been available at an earlier time or critical evidence that was lost as a result of the pre-indictment delay.  The conclusory statements set forth in his motion are simply insufficient to establish actual prejudice for purposes of a due process claim under the Fifth Amendment.  See, e.g., Marion, 404 U.S. at 325-26; Gomez-Rosario, 418 F.3d at 108; Marler, 756 F.2d at 213-14.

Moreover, even if Rinaldi had established actual prejudice resulting from the alleged pre-indictment delay, his due process claim fails on the second prong of the analysis. Specifically, Rinaldi must prove "that the government intentionally delayed his federal indictment to gain an unfair tactical advantage or for other bad faith motives." Marler, 756 F.2d at 215. As there is simply no evidence that the government deliberately delayed indicting Rinaldi on the federal charges in order to gain some unfair tactical advantage, Rinaldi has not – and can not – satisfy this second requirement.[3] Under such circumstances, Rinaldi's due process claim to dismiss the indictment must be denied. See, e.g., Gomez-Rosario, 418 F.3d at 108 (rejecting defendant's due process claim where record lacked any evidence to prove that government intentionally delayed bringing charges to obtain an unfair tactical advantage); Marler, 756 F.2d at 215 (conclusory allegation of intentional delay insufficient to satisfy second prong of due process inquiry).

### B.  Delay Attributable to the Pre-Plea PSR

The government also respectfully disagrees with Rinaldi's "Basis For Dismissal #2." See Docket Entry No. 55 at 3. Here, Rinadi argues that the delay between the Court's order on July 7, 2006, granting his motion for a Pre-Plea PSR, and the actual issuance of the Pre-Plea PSR by Probation on December 29, 2006, is "inexcusable" and "cannot lawfully or justifiably" be excluded under the Speedy Trial Act. Id. at 4. Rinaldi notes that even if the Court allowed for a reasonable 30-day period of delay for Probation to prepare the PSR, the remaining 145-day delay

---

[3] Any argument based on the time that Rinaldi spent in state custody prior to the return of the federal indictment fail. Section 3585(b) specifically states that prison time credited against another sentence cannot also be credited against the defendant's federal sentence. As such, the government could not gain any strategic advantage in this regard. See 18 U.S.C. § 3583.

7

cannot be justified.  Id.

    The Court should reject this argument under both (1) a Sixth Amendment speedy trial analysis and (2) the express terms of the Speedy Trial Act.  First, to the extent that this claim falls within Rinaldi's limited, Sixth Amendment right to a speedy trial, the framework set forth in Barker v. Wingo, 407 U.S. 514 (1972) applies.  In Barker, the Supreme Court instructed courts to analyze a defendant's Sixth Amendment right to a speedy trial on a case-by-case basis, applying a balancing test – weighing the actions of the prosecution against the actions of the defendant – to determine if the defendant's right to a speedy trial was, in fact, violated.  See Barker, 407 U.S. at 530-33 (establishing balancing test).  In doing so, the Court identified four factors for courts to assess, including the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."  Id. at 530.

    Here:

    (1)    the length of the delay in the preparation of the Pre-Plea PSR – 25 weeks – was not excessive.  This is especially true where ordinary PSRs (which, unlike Pre-Plea PSRs, have mandated deadlines, and therefore require Probation Officers to prioritize them over Pre-Plea PSRs) themselves take at least 12 weeks.

    (2)    The reason for the delay is clear – the defendant asked for it, himself.  See Docket Entry No. 47.

    (3)    With respect to "the defendant's assertion of his right," Rinaldi has never asserted his right to a speedy trial from the inception of this case until now (after the recently filed motion by the government to exclude time).  This remained true throughout the challenged period of delay stemming from the Pre-Plea PSR.  Specifically, at no point between this Court's order allowing the defendant's motion for a Pre-Plea PSR (on July 7, 2006) and the actual issuance of the initial Pre-Plea PSR by Probation (on December 29, 2006) did Rinaldi contact the Probation Office and inquire as to its status, let alone press for it to be finished.  Instead, Rinaldi missed the deadline of January 16, 2007, for objections to be filed with Probation and, after several phone calls by Probation to defense counsel, finally

    submitted his objections on March 8, 2007.

 (4) Finally, again, Rinaldi has failed to establish any actual prejudice stemming from the delay attributable to the preparation of the Pre-Plea PSR.

In short, none of the factors set forth in <u>Barker v. Wingo</u>, 407 U.S. 514 (1972), support a finding in favor of Rinaldi.

 Rinaldi's claim also fails under the express terms of the Speedy Trial Act. Specifically, § 3161(h) explicitly states that any delay resulting from "proceedings concerning the defendant" shall be excluded from the 70-day period prescribed in § 3161(c)(1):

 (h) The following periods of delay <u>shall be excluded</u> in computing the time within which an information or an indictment must be filed or in computing the time within which the trial of any such offense must commence:

  (1) <u>Any period of delay</u> resulting from other <u>proceedings concerning the defendant</u>, <u>including but not limited to</u> —

  (A) – (J) [listing specific periods of excludable delay].

<u>See</u> 18 U.S.C. § 3161(h) (emphasis added). Clearly, the preparation of a Pre-Plea PSR at the request of the defendant, himself, constitutes a "proceeding concerning the defendant." As expressly stated in the Speedy Trial Act, itself, any such proceedings – including, but not limited to, the non-exhaustive list set forth at § 3161(h)(1)(A) through (J) – <u>shall</u> be excluded from the time within which a trial must commence under the Speedy Trial Act.

### III. CONCLUSION

For all of the foregoing reasons, the defendant's motion to dismiss the indictment lacks merit and should be denied by this Honorable Court.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Date: March 22, 2007

By: /s/ Lisa M. Asiaf
LISA M. ASIAF
Assistant U.S. Attorney
Tel: (617) 748-3268

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 22, 2007.

/s/ Lisa M. Asiaf
LISA M. ASIAF
Assistant U.S. Attorney