UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 03-10385-RGS

UNITED STATES OF AMERICA

v.

KIRK RINALDI

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO DISMISS INDICTMENT

May 3, 2007

STEARNS, D.J.

The issue of pre-indictment delay was settled adversely to defendant by <u>United States v. Lovasco</u>, 431 U.S. 783, 789, 792 (1977) ("[A]s far as the Speedy Trial Clause of the Sixth Amendment is concerned, [pre-indictment] delay is wholly irrelevant, since our analysis of the language, history, and purposes of the Clause persuaded us that only 'a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge . . . engage the particular protections' of that provision. . . . We therefore hold that to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time."). As the government correctly observes, protection from undue delay prior to indictment is provided by the statute of limitations and not the Sixth Amendment. <u>Cf. United States v. Marler</u>, 756 F.2d 206, 213 (1st Cir. 1985) (recognizing the possibility of a viable Fifth Amendment due process challenge where inordinate delay results in actual prejudice to a defendant).

As to the second ground advanced by defendant, delay in the preparation of a pre-plea Presentence Report (PSR): the short answer is that the PSR was prepared out of sequence for the benefit of the defendant at his request. He will not now be heard to complain. Cf. 18 U.S.C. § 3161(h)(1). The motion to dismiss is DENIED. The Clerk will set the case for trial.

        SO ORDERED.

        /s/ Richard G. Stearns

        _____
        UNITED STATES DISTRICT JUDGE