UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES              *
                           *
VS                         *              NO. 03-CR-10385-RGS
                           *
KIRK RINALDI               *

**DEFENDANT'S REQUEST FOR INSTRUCTIONS**

The defendant, Kirk Rinaldi, moves that at the conclusion of trial the court submit to the jury those instructions attached hereto and made part hereof, the same being numbered from No. 1 through No. ____28_____.

The defendant reserves the right to submit amended or supplemental requests for instructions based on new case law or upon evidence adduced at the trial hereof.

_____
Date

_____
Karnig Boyajian (BBO#052080)
Defendant's Attorney
One Gateway Center, Suite 315
Newton, MA  02458
Tel. 617-332-2222
Fax. 617-332-2221

**INSTRUCTION NUMBER**

1.      Presumption of Innocence; Burden of Proof; Reasonable Doubt

2.      Function of the Jury

3.      Direct and Circumstantial Evidence; Inferences

4.      Credibility of Witnesses

5.      Entire Evidence Should Be Considered

6.      Evidence – Excluding Argument of Counsel and Comment of Court

7.      Expert Witnesses

8.      Stipulations of Fact [General]

9.      Consider Each Count Separately

10.     Duty to Deliberate

11.     Indictment

12.     Overview of the Three Counts in the Indictment

13.     Statute Under Which Count One is Charged [18 U.S.C. § 922(g)(1)

14.     Elements of Count One

15.     Stipulation of Fact [Specific]

16.     Statute Under Which Count Two is Charged [21 U.S.C. § 841(a)(1)]

17.     Elements of Count Two

18.     Proof of Heroin

19.     Possession

20.     Joint Possession

21.     Knowledge

22.     Method of Proving Knowledge

23.     Distribution or Intent to Distribute

24.    Statute Under Which Count Three is Charged [18 U.S.C. § 924 (c)]

25.    Elements of Count Three

26.    Possession of Firearms in Furtherance of a Drug Crime

27.    Duty to Decide Case on the Basis of Evidence

28.    Punishment

## INSTRUCTION NO. 1

## PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT

### Presumption of Innocence

This is a criminal case in which the United States has charged the defendant with committing several crimes.  Like every criminal case, the defendant is presumed to be innocent by law.  This presumption of innocence stays with the defendant throughout the trial.  It is overcome only when the United States introduces competent evidence during the trial that convinces you beyond a reasonable doubt that the defendant is guilty with respect to every element of the offenses.

### Burden of Proof

The United States has the burden of proving beyond a reasonable doubt that the defendant is guilty of the crimes charged by the Indictment.  This burden of proof rests on the United States and never shifts to the defendant.  The defendant is not required to prove anything to you or to present any evidence.  If the United States fails to meet its burden of proof, then you must acquit the defendant.  However, if the United States meets its burden of proof beyond a reasonable doubt, then you have a similar responsibility to find the defendant guilty.

### Reasonable Doubt

Proof beyond a reasonable doubt is a phrase often used but difficult to define.  It is proof that leaves you firmly convinced of the defendant's guilt.  A reasonable doubt is doubt in the mind of a reasonable juror who earnestly is seeking the truth.  It is doubt based on reason and common sense.  It is the kind of doubt that would make a reasonable person hesitate to act.  It is not doubt in the mind of a juror who is looking for doubt or who is looking for a reason to acquit.

Reasonable doubt also is not doubt beyond all possibility of doubt, beyond every conceivable doubt, or beyond a shadow of a doubt.  The United States is not required to prove

the charges to an absolute or mathematical certainty since there are few things in this world that we know with absolute certainty.  The law does not require that the United States prove its case to the same degree of certainty that you all have that when you add two plus two and get four. As I stated earlier, proof beyond a reasonable doubt is proof that leaves you, as reasonable persons, firmly convinced of the defendant's guilt.

Federal Judicial Center, Pattern Criminal Jury Instructions, Instruction No. 21, (1988)(reasonable doubt); United States v. DeVincent, 632 F.2d 147, 152-153 and n.7 (1st Cir.), cert. denied, 449 U.S. 986 (1980)(reasonable doubt); United States v. Munson, 819 F.2d 337, 345-346 (1st Cir. 1987)(reasonable doubt); United States v. Olmstead, 832 F.2d 642, 644-646 (1st Cir. 1987), cert. denied, 486 U.S. 1009 (1988)(burden of proof; presumption of innocence; reasonable doubt); United States v. Jorge, 865 F.2d 6, 10-11 (1st Cir. 1989)(burden of proof; presumption of innocence; reasonable doubt); United States v. Campbell, 874 F.2d 838, 841-843 (1st Cir. 1989)(reasonable doubt).

## INSTRUCTION NO. 2

## FUNCTION OF THE JURY

Your function as jurors is to determine the facts.  You are the sole and the exclusive judges of the facts.  You decide the weight, effect and value of the evidence.  You also decide the credibility or believability of the witnesses.  Once you determine the facts, it is your duty to apply those facts to the law as I explain it to you to decide whether the defendant is guilty or not guilty of the charges that the United States has brought against him.

You must determine the facts without prejudice, fear, favor, prejudice, bias or sympathy. You also may not consider any personal feelings you may have about the race, religion, national origin, sex or age of the defendant or any witness who testified during the trial.  You must determine the facts solely from a fair consideration of the evidence.  If you let fear, favor, prejudice, bias or sympathy enter into your deliberations, there is a great risk that you will not arrive at a true and just verdict.

You are not to decide the case based on what you have heard or read outside the courtroom.  You cannot speculate or guess what might or might not have happened.  You cannot allow yourselves to be influenced by your view of the nature of the crimes with which the defendant has been charged or the consequences of your verdict.  Instead, you must confine your deliberations to the evidence and nothing but the evidence.

See E. Devitt and C. Blackmar, Federal Jury Practice and Instructions § 15.01 (3d ed. 1977 and 1990 cum. supp.); L. Sand, J. Siffert, W. Loughlin and S. Reiss, Modern Federal Jury Instructions, Instruction No. 2-3 (1990).

## INSTRUCTION NO. 3

## DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES

### Direct and Circumstantial Evidence

There are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence. Direct evidence is evidence of what a witness sees, hears, touches, smells or otherwise perceives with one of his or her senses. Direct evidence is testimony of one who asserts actual knowledge of a fact such as an eyewitness.

Circumstantial evidence exists where a witness does not testify directly about the fact that is to be proved. Instead, you are presented with evidence of other facts and asked to draw reasonable inferences from them about the fact which is to be proved. Circumstantial evidence is of no less value than direct evidence.

### Inferences

Your power to draw inferences is an important power that you must use while considering and evaluating the evidence. An inference is a permissible deduction that you may make from evidence that you have accepted as believable. It is not a suspicion or guess. It is a reasoned, logical decision that a disputed fact exists on the basis of another fact which you know exists. You draw an inference when you take some known information, apply your experience in life to it, and then draw a conclusion.

Some inferences may be consistent with guilt, and some may be consistent with innocence. When an essential element of a crime has not been proven by direct evidence such as evidence of what somebody saw, or heard, or in some was perceived with one of the five senses, you must use your collective and general knowledge to determine whether that element has been established by inferences reasonably drawn from other evidence.

E. Devitt and C. Blackmar, <u>Federal Jury Practice and Instructions</u> §§ 15.02 and 15.03 (3d ed. 1977 and 1990 cum. supp.); L. Sand, J. Siffert, W. Loughlin and S. Reiss, <u>Modern Federal Jury Instructions</u>, Instructions 5-2 and 6-1 (1990).

## INSTRUCTION NO. 4

## CREDIBILITY OF WITNESSES

As jurors your function is to evaluate the exhibits that have been introduced and determine the credibility of the witnesses' testimony.  Credibility is simply another word for believability of the witnesses who testified.  You are free to decide that you believe all of what a witness told you, none of what a witness told you, or some of what a witness told you.  You are free to do that in accordance with your collective judgment as to believability of what it was that the witness told you while testifying.

Neither I nor anybody else can tell you all of the ways that you go about making this important judgment about credibility.  However, I can suggest to you some of the things that you should consider in making that judgment.  You should consider the conduct and demeanor of the witness while testifying; the frankness or lack of frankness that the witness showed while testifying; the reasonableness or the unreasonableness of the witness's testimony; the probability or improbability of that testimony; the opportunity or lack of opportunity that the witness had to see and know the facts about which he or she was testifying; the accuracy of the witness's recollection; the degree of intelligence shown by the witness; and whether the witness had attempted to fill in gaps in his or her memory of events with information he or she obtained after the event.  You also may consider whether the witness has a motive for testifying and the interest or lack of interest that the witness may have in the outcome of the case.  You should take into consideration the character and the appearance of the witness at trial and any bias he or she has shown in his or her testimony.  The list is not exhaustive.  Rather, it is a list of examples of the factors you may take into account and should take into account in making that judgment.

E. Devitt and C. Blackmar, Federal Grand Jury Practice and Instructions § 17.01 (3d ed. 1977 and 1990 cum. supp.); L. Sand, J. Siffert, W. Loughlin and S. Reiss, Modern Federal Jury Instructions, Instruction No. 7-1 (1990).

The testimony of any witness who is a police officer, a local or federal law enforcement officer, or a government agent or employee, shall be considered along with the testimony of any other witness who appeared before you.  Their testimony shall not be given any greater nor less credibility or weight than any other witness merely because of their official position.

## INSTRUCTION NO. 5

## ENTIRE EVIDENCE SHOULD BE CONSIDERED

It is necessary that every essential element of the crimes charged in the indictment in this case be proved by evidence beyond a reasonable doubt. It is not necessary that each supporting fact be proved beyond a reasonable doubt. Evidence should not be considered in fragmentary parts and as though each fact or circumstance stood apart from the others. The entire evidence should be considered and the weight of the evidence should be determined from the whole body of evidence.

See United States v. Bottone, 365 F.2d 389, 392 (2d Cir.), cert. denied, 385 U.S. 974 (1966).

## INSTRUCTION NO. 6

## EVIDENCE – EXCLUDING ARGUMENT OF COUNSEL AND COMMENT OF COURT

As stated earlier, it is your duty to determine the facts.  In doing so, you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and all the exhibits admitted in the record.  Statements or arguments made by the lawyers are not evidence in the case.  Questions which were not answered or as to which objections were sustained also are not evidence in the case.  The function of the lawyers in making their arguments is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.

At times during the trial you saw lawyers make objections to questions asked by other lawyers and to answers by witnesses.  This simply meant that the lawyers were requesting that I make a decision on a particular rule of law.  Do not draw any conclusion from such objections or from my rulings on the objections.  These only related to the legal questions that I had to determine and should not influence your thinking.  When I sustained an objection to a question, the witness was not allowed to answer it.  Do not attempt to guess what answer might have been given had I allowed the questions to be answered.  Similarly, when I told you not to consider a particular statement, you were told to put that statement out of your mind, and you may not refer to that statement in your deliberations.

During the trial I occasionally may have made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he should respond to the questions of counsel.  Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the

law, you should disregard anything I may have said during the trial in arriving at your own

findings as to the facts.

Pattern Criminal Jury Instruction, Fifth Circuit Judges Association (West 1979), p. 9; Pattern
Criminal Jury Instruction, Federal Judicial Center (1982) p. 15.

## INSTRUCTION NO. 7

## EXPERT WITNESSES

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert" witnesses.  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters.

You have heard expert testimony from a chemist regarding chemical analyses and from firearms professionals regarding firearms analyses.  You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you decide that the opinion of an expert witness is not based on sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.  As with any other witness, it is up to you to decide whether to believe the testimony of an expert witness and whether to rely on it, in whole or in part.  The determination of the facts in this case rests solely with you.

2 Devitt and Blackmar, Federal Jury Practice and Instructions, 572.07; Pattern Criminal Jury Instruction, Fifth Circuit Judges Association (West 1979), p. 20; Pattern Criminal Jury Instructions, Federal Judicial Center (1982).  L.B. Sand, Modern Federal Jury Instructions: Criminal, ¶7-21 (1990).  United States v. Anguilo, 847 F.2d 956, 975 (1st Cir. 1988), cert. denied 109 S.Ct. 314 (1989)(expert testimony of law enforcement officials concerning practices of those engaged in organized criminal activity … is often helpful to the factfinder); United States v. Hoffman, 832 F.2d 1299, 1310 (1st Cir. 1987)(DEA agent may provide expert testimony regarding meaning of words used by drug traffickers when cryptically referring to cocaine); United States v. Hensel, 699 F.2d 18, 38 (1st Cir. 1983), cert. denied, 461 U.S. 958 (1983)(DEA agent's testimony regarding methods of drug smugglers may assist trier of facts.

## INSTRUCTION NO. 8

## STIPULATIONS OF FACT - [GENERAL]

While you were hearing evidence, you were told that the government and the defendant agreed, or stipulated, that certain things were true. This means that both sides accept those facts as true. There is no disagreement over these facts, so there was no need for further evidence by either side on these points. You must regard these facts as proved, even though nothing more was said about them one way or the other.

I will later re-instruct you specifically about a stipulation of fact as it pertains to this case.

## INSTRUCTION NO. 9

## CONSIDER EACH COUNT SEPARATELY

The charges in the Indictment are set forth in three counts.  Remember that each offense and the evidence pertaining to it should be considered separately.  The fact that you may find the defendant guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged against that defendant.


1 Devitt & Blackmar, Federal Jury Practice and Instructions, § 11.08.

## INSTRUCTION NO. 10

## DUTY TO DELIBERATE

Any verdict must represent the considered judgment of each juror.  To return a verdict it is necessary that each juror agree to the verdict.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Pattern Criminal Jury Instructions, Fifth Circuit Judges Association, (West 1979) p. 27.

## INSTRUCTION NO. 11

## INDICTMENT

With these preliminary instructions in mind, let us turn to the charges against the defendant in the Indictment.  An Indictment is not evidence.  It merely describes the charges made against the defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or the lack of evidence.

The defendant has pled "not guilty" to each charge in the Indictment.  When a defendant pleads "not guilty," the government has to prove each of the things that is a part of the definition of an offense charged in the Indictment.  We commonly call the things the government has to prove as to a particular offense the "elements" of that offense.  The government has the burden of establishing each of these elements by proof beyond reasonable doubt.

An indictment may allege more than one charge against a defendant.  When it does, the different charges are stated separately in what we call counts.  You must give separate consideration to each separate charge.  You must consider each count separately, weighing separately the evidence as it bears against the defendant.

Sand, Modern Federal Jury Instructions, No. 3-1.

## INSTRUCTION NO. 12

## OVERVIEW OF THE THREE COUNTS IN THE INDICTMENT

The indictment in this case contains three counts or charges.

Count One: Charges defendant with being a felon in possession of firearms and ammunition.

[18 U.S.C. 922 (g)(1)]

Count Two:  Charges defendant with possession with the intent to distribute heroin.

[21 USC 841 (a)(1)]

Count Three: Charges defendant with possession of firearms in furtherance of a drug trafficking

crime.

[18 USC 924 (c)(1)(A)]

## INSTRUCTION NO. 13

## STATUTE UNDER WHICH COUNT ONE IS CHARGED – [18 U.S.C. 922 (g)(1)]

Title 18 United States Code, Section 922(g)(1) provides, in pertinent part, as follows:

[I]t shall be unlawful for any person who is convicted in any court of a crime punishable

in prison for a term exceeding one year to possess any firearm or ammunition which has

been shipped or transported in interstate commerce.

## INSTRUCTION NO. 14

## ELEMENTS OF COUNT ONE – [18 U.S.C. 922 (g)(1)]

To prove the crime charged in Count One of the indictment, [18 U.S.C. 922 (g)(1)], the government must establish, beyond a reasonable doubt, each of the following elements:

(1)     The defendant was a convicted felon, and

(2)     The defendant actually possessed firearms and ammunition.

(3)     That the firearms and ammunition were shipped or transported in interstate commerce.

**INSTRUCTION NO. 15**

**STIPULATION OF FACT - [SPECIFIC]**

I instructed you earlier about stipulations between the government and the defense.  I now further instruct you about a specific stipulation that was agreed to between the government and the defense.

You are informed that <u>in this case</u> the defendant has stipulated with the government <u>only that he has previously been convicted of a crime that had in its provisions a punishment of one year or more in jail</u>.  Since the first element of this charge has been agreed to you need not deliberate further on that issue.  However, as to this stipulation, I instruct you further as follows:

-You may not speculate or guess as to what crime he may have committed in the past.

-You may not speculate or guess as to how long ago he was convicted.

-You may not speculate or guess as to what his punishment may have been.

-The fact that defendant has been convicted of a crime in the past merely places him in a category of people who are not allowed to own or possess firearms or ammunition.

-You may not find defendant guilty of any other crime just because he was convicted of a crime at some time in his past.

You need only to deliberate as to the second and third elements of the offense, that is, whether or not the defendant was in possession of firearms and ammunition, and whether or not the firearms and ammunition were shipped or transported in interstate commerce.

## INSTRUCTION NO. 16

## STATUTE UNDER WHICH COUNT TWO IS CHARGED – [21 U.S.C. § 841(a)(1)]

Title 21 United States Code, Section 841 (a)(1) provides, in pertinent part, as follows:

[I]t shall be unlawful for any person to … possess with intent to … distribute, a

controlled substance.

## <u>INSTRUCTION NO. 17</u>

## <u>ELEMENTS OF COUNT TWO – [21 U.S.C. § 841(a)(1)]</u>

To prove the crime charged in Count Two of the indictment, the government must

establish, beyond a reasonable doubt, each of the following elements:

    (4)    The defendant possessed heroin;

    (5)    The defendant knew that he possessed heroin; and

    (6)    The defendant either actually distributed the heroin or intended to distribute the

    heroin.

L. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶ 56-2 (1990).

## INSTRUCTION NO. 18

## PROOF OF HEROIN

The first thing you must determine is whether the defendant possessed heroin. The government must prove that the material that the defendant is charged with possessing with the intent to distribute, and distributing, is heroin. The government may prove this through direct or circumstantial evidence. An example of direct evidence is the testimony of a chemist who has done a chemical analysis of the material. Circumstantial evidence would be evidence from which you could infer that the material was heroin, such as testimony concerning the words used by a defendant to refer to the material or testimony about the material's appearance. Whether the government relies on direct or circumstantial evidence to prove that the material in issue was heroin, it must prove so beyond a reasonable doubt.

Sand, Modern Federal Jury Instructions, Instruction No. 56-3.

## INSTRUCTION NO. 19

## POSSESSION

As I have instructed you, you must first find that the defendant "possessed" the drugs. The legal concept of possession may differ from the everyday usage of the term, so I will explain it in some detail.

"Actual" possession is what most of us think of as having physical custody or control of an object. For example, if you find that a defendant had the drugs on his or her person, you may find that he had possession of the drugs. However, a person need not have actual physical custody of an object to be in legal possession of it. If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, then he is in possession of that item. An example of this from everyday experience would be a person's possession of items he keeps in the safe deposit box of his bank. Although the person does not have physical custody of those items, he exercises substantial control over them and so has what is known as constructive possession of them.

Possession of drugs cannot be found solely on the ground that a defendant was near or close to the drugs. Nor can it be found simply because a defendant was present at a scene where drugs were involved, or solely because a defendant associated with a person who does control drugs or the property where they are found. However, you may consider these factors in connection with all other evidence in making your decision whether a defendant possessed the drugs.

L. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶56-5 (1990).  The Court of Appeals for the First Circuit recently stated in <u>United States v. Vargas</u>, 945 F.2d426 (1st Cir. 1991):

> Possession may be actual or constructive, . . . , sole or joint, . . . .  An accused's dominion and control over the area where contraband is located, may be enough to demonstrate constructive possession of the contraband located there.  Evidence sufficient to establish that the accused shared dominion and control of the premises can serve as a sufficient basis for inferring a knowing possession of contraband where the evidence indicates that the accused, either alone or jointly with one or more persons, intended to facilitate the possession . . . . .  <u>A</u> <u>fortiori</u>, evidence establishing that the accused alone controlled the premises where the contraband was discovered can support a reasonable inference that the accused knowingly possessed the contraband.

## INSTRUCTION NO. 20

## JOINT POSSESSION

More than on person can have control over the same controlled substance. If this is so, then these people have what is called "joint possession." For purposes of determining a defendant's guilt, joint possession is no different from sole possession.

However, a defendant does not have "joint possession" of a controlled substance simply because he associates with a person who does have possession and control over a controlled substance. You cannot find that a defendant possessed a controlled substance unless you find that he exercised substantial control over it, either on his own or acting with others.

L. Sand, Modern Federal Jury Instructions:  Criminal, ¶ 56-7 (1990).

## INSTRUCTION NO. 21

## KNOWLEDGE

If you find that a defendant possessed drugs, you must determine whether the defendant knew that he possessed drugs. With respect to each count of the Indictment, the government must prove beyond a reasonable doubt that the defendant knew that he possessed drugs, and that his possession was not due to carelessness, negligence or mistake. If you find that the defendant did not know that he had a drug in his possession on or about the date charged in the particular count under consideration, or that he did not know what he possessed was a drug, then you must find the defendant not guilty of that particular count.

Although the government must prove that the defendant knew he possessed drugs, the government does not have to prove that the defendant knew the exact nature of the drugs in his possession. It is enough that the government proves that the defendant knew he possessed some kind of drug.

L. Sand, Modern Federal Jury Instructions:  Criminal, ¶ 56-8 (1990).

## INSTRUCTION NO. 22

## METHOD OF PROVING KNOWLEDGE

Your decision whether a defendant knew the material he possessed was a drug involves a decision about the defendant's state of mind.  It is obviously impossible to prove directly the operation of a defendant's mind.  But a wise and intelligent consideration of all the facts and circumstances shown by the evidence and the exhibits in the case may enable you to infer what a defendant's state of mind was.

In our every day affairs we are continuously called upon to decide from the actions of others what their state of mind is.  Experience has taught us that frequently actions speak louder and more clearly than spoken or written words.  Therefore, you may well rely on circumstantial evidence in determining a defendant's state of mind.

For example, if a defendant was the sole occupant of an apartment, it is reasonable to conclude that the defendant knew about items in the apartment.  If there was joint occupancy of the apartment with others, however, the government must further prove that the defendant not only knew about items in the apartment but that he was a joint possessor of those items.  The defendant's behavior may also indicate knowledge.  Nervousness in the presence of the drugs or flight from the site at which authorities have identified drugs may indicate that the defendant knew that the material in question was a drug.  The examples are neither exhaustive nor conclusive.  It is up to you, based on all the evidence, to determine whether the defendant knew that he possessed drugs.

L. Sand, Modern Federal Jury Instructions:  Criminal, ¶ 56-9.

## INSTRUCTION NO. 23

## DISTRIBUTION OR INTENT TO DISTRIBUTE

With respect to each count, if you find that the defendant knowingly possessed drugs, then you must decide whether the defendant intended to distribute the drugs. To satisfy the third element, the government must prove that the defendant either distributed heroin or that he possessed heroin with the intent to distribute it or with the intent to cause or assist in the distribution or delivery of the heroin.

Thus, the government will have satisfied this element of the offense if it proves beyond a reasonable doubt that the defendant either distributed heroin, or possessed heroin with intent to distribute it or with the intent to cause or assist in the distribution or delivery of heroin, on or about the date charged in the particular count under consideration.

The word "distribute" means to deliver a controlled substance. The term "deliver" means the actual, constructive or attempted transfer of a controlled substance. Simply stated, the words distribute and deliver mean to pass on, or to hand over to another, or to cause to be passed on or handed over to another.

Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for and receiving the price, and supplying or delivering the heroin may constitute distribution.

In order to prove that the defendant possessed heroin with the intent to distribute it, the government must prove beyond a reasonable doubt that the defendant had control over the heroin with the state of mind or purpose to transfer it to another person.

The same considerations that apply to your determination whether a defendant knew he possessed heroin apply to your decision concerning the defendant's intention to distribute the drugs. Since you cannot read a defendant's mind, you must make inferences from his behavior.

However, you may not convict the defendant unless these inferences convince you beyond a reasonable doubt that the defendant intended to distribute heroin.

When I say that you must find that the defendant intended to distribute the heroin, this does not mean that you must find that the defendant intended personally to distribute or to deliver the heroin. It is sufficient if you find that the defendant intended to cause or assist the distribution of the heroin.

Basically, what you are determining is whether the heroin in the defendant's possession was for his personal use or for the purpose of distribution. Often it is possible to make this determination from the quantity of drugs found in a defendant's possession. For example, it would be highly unlikely that a person with 50,000 doses of amphetamine possessed them all for personal consumption.

The possession of a large quantity of a drug does not necessarily mean that the defendant intended to distribute the drug. On the other hand, a defendant may have intended to distribute a drug even if he did not possess a large amount of it. Other physical evidence such as paraphernalia for the packaging or processing of drugs can show such an intent. There might also be evidence of a plan to distribute. You should make your decision whether a defendant intended to distribute the heroin in his actual or constructive possession from all of the evidence presented.

L. Sand, Modern Federal Jury Instructions: Criminal, ¶¶ 56-12, 56-13 (1990).

## <u>INSTRUCTION NO. 24</u>

## <u>STATUTE UNDER WHICH COUNT THREE IS CHARGED – [18 U.S.C. 924 (c)]</u>

Title 18, United States Code, Section 924 (c) provides, in pertinent part, as follows:

Any person who, during and relation to …any drug trafficking crime… uses or carries a firearm, or who, in furtherance of such crime, possesses a firearm, shall be guilty of this offense.

## INSTRUCTION NO. 25

## ELEMENTS OF COUNT THREE

To prove the crime in Count Three of the indictment, you must be satisfied that the government has established each of the following three separate elements beyond a reasonable doubt:

1. That defendant possessed firearms.

2. That defendant was involved in a drug trafficking crime activity.

3. That defendant used, carried or possessed firearms in furtherance of that drug trafficking crime activity.

## INSTRUCTION NO. 26

## POSSESSION OF FIREARMS IN FURTHERANCE OF A DRUG CRIME

[The defendant respectfully requests the court to include the following language taken from First Circuit cases in its Jury Instructions. See United States v. Felton, 417 F. 3d 97 (1st Cir. 2005). United States v. Delgado- Hernandez, 420 F.3d 16 (1st Cir. 2005).]

"The Government must clearly show that a firearm was possessed to advance or promote the commission of the specific underlying offense identified in the indictment. . . the Government must illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advance or promote the identified criminal activity." Delgado-Hernandez *supra*. There is absolutely no presumption under the law that anytime a person, believed to be drug dealer, possesses a gun that such possession is actually in furtherance of a drug trafficking crime. What is instead required is direct and specific evidence relative to the particular defendant and the specific alleged drug violations showing the possession of a gun actually did further the drug crime. United States v. Ceballos-Torres, 218 F.3d 409, 414 (5th Cir. 2000).

"To possess a firearm in furtherance of a crime means that the firearm helped to facilitate, forward, advance, or promote the commission of the specific crime charged. It is not sufficient for the Government to prove simply that a defendant possessed a firearm during the same time" as a crime was committed. "The Government must prove beyond a reasonable doubt that the firearm had a specific and direct connection to the commission of the crime charged in order for this element to be satisfied." Felton, *supra*.

Although the Government need not prove that the defendant actively employed the firearm in furtherance of the charged crime, but it must prove that the firearm was possessed to advance or promote the commission of the underlying offense, mere presence of a firearm is not enough. The storage of, or mere presence of a firearm, in the same area where a criminal act occurs is not alone a sufficient basis for finding the firearm was possessed in furtherance of the crime charged." Felton, *supra*, Delgado-Hernandez *supra*. If you find a defendant possessed the firearm for a purpose other than to further, advance, or promote the specified drug offense than the Government has not met its burden and you must find the defendant not guilty.

## INSTRUCTION NO. 27

## DUTY TO DECIDE CASE ON THE BASIS OF EVIDENCE

You must decide the case on the evidence, and the evidence alone.  You must not be influenced by sympathy, bias or prejudice of any kind.

Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed on a defendant, it convicted, to influence your verdict in any way or in any sense enter into your deliberations.

Adapted from 1 Devitt and Blackmar, Federal Jury Practice and Instructions, SS18.02; Pattern Criminal Jury Instructions, Fifth Circuit Judge Association (West 1979) p. 23.

## INSTRUCTION NO 28

## PUNISHMENT

The question of the possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict in any way or, in any sense, enter into your deliberations.

L.B. Sand, Modern Federal Jury Instructions:  Criminal, ¶ 9-1 (1990).