```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

                                    )
UNITED STATES OF AMERICA            )
                                    )
        v.                          ) CRIMINAL NO. 03-10385-RGS
                                    )
KIRK RINALDI                        )
                                    )
```

GOVERNMENT'S NOTIFICATION REGARDING PROBABLE LENGTH
OF TRIAL, USE OF AUDIO-VISUAL EQUIPMENT, AND
<u>QUALIFICATIONS OF PROPOSED EXPERTS</u>

The United States of America, by United States Attorney Michael J. Sullivan and Assistant United States Attorneys Lisa Asiaf and James Lang, submits this notification in response to the Court's order of May 3, 2007 entitled "Order Setting Criminal Case for Trial."

1.  The probable length of the trial in the above-captioned case, which is currently scheduled to begin on July 16, 2007, is three days.

2.  At trial, the government intends to display a number of photographs and a video to the jury (both the photographs and the video depict the defendant's apartment as it was being searched during the execution of the warrant that resulted in the seizure of the firearms, ammunition, and heroin that he has been charged with unlawfully possessing).  To facilitate the effective presentation of the photographs and the video, the government seeks the Court's permission to utilize a projector with a built-in document camera and a connected DVD player, which will project the photographic and video images onto a screen that will be set

up to the side of the witness box. The United States Attorney's Office will supply and set up all of the necessary equipment for the display of the photographs and video in this proposed manner.

    3.  The government anticipates calling six expert witnesses in its case in chief. Copies of the summaries of their prospective testimony that were provided to the defendant, as well as the curriculum vitae of four of the six witnesses, are appended hereto. Here follows a brief summary of the subject matter of each witness' proposed testimony and his/her qualifications.

        a.  ATF Special Agent John Mercer, who examined the firearms and ammunition that were seized in the search of the defendant's apartment, and who, in so doing, successfully test fired each of the firearms, will opine that the firearms and ammunition meet the federal definition of those items. Special Agent Mercer's qualifications are as follows: he has been an ATF agent since 1990; he has handled thousands of firearms and rounds of ammunition.

        b.  ATF Special Agent Stephanie D'Andrea, who examined the firearms and ammunition that were seized in the search of the defendant's apartment, will opine that three of the four firearms and all of the ammunition were manufactured outside of the Commonwealth of Massachusetts. Special Agent D'Andrea's qualifications are as follows: she has been an ATF agent since

1999; she has received specialized training through several different courses in the identification of the place of manufacture of firearms and ammunition; she has previously been qualified and testified in United States District Court as a so-called interstate nexus expert.

      c. Three different chemists employed by the Massachusetts Department of Public Health at its Drug Analysis Laboratory in Jamaica Plain, Massachusetts will testify about their involvement in either the initial analysis or the retesting of the heroin that was seized in the search of the defendant's apartment.

      1. Mai Ngoc Tran will testify that after a colleague, Xiu Ying Gao, conducted the initial analysis that determined that the substance in question was heroin, she verified the results using a mass spectrometer. Her qualifications are as follows: she has worked at the state laboratory since 1982, the first four years as a lab technician and the last twenty-one years as a chemist; as a chemist, one of her duties has been to chemically analyze suspected controlled substances, including heroin, to determine their identity.

      2. Charles Salemi will testify that, because of the unavailability for trial of Xiu Yoing Gao, the chemist who conducted the primary initial analysis, he re-analyzed the substance in question and determined that it was heroin. His

qualifications are as follows: he has worked as a chemist in the state laboratory since 1980, during which time one of his duties has been to chemically analyze suspected controlled substances, including heroin, to determine their identity; since 2003 he has been the chief of the laboratory, overseeing and supervising all of its operations.

       3.   Peter Pirro will testify that, after his colleague/supervisor, Charles Salemi, conducted the initial re-analysis that determined that the substance in question was heroin, he verified the results using a mass spectrometer. His qualifications are as follows: he has worked as a chemist at the state laboratory since 1991; he is currently the supervisor of the gas chromatography/mass spectrometry laboratory; one of his duties as a chemist has been to chemically analyze suspected controlled substances, including heroin, to determine their identity.

     d.   Everett Police Detective Robert Hall will testify about the modus operandi of drug distributors, and especially heroin dealers, in the Everett area. He will also opine that the amount and type of heroin seized from the defendant's apartment, together with the presence in the apartment of two scales, multiple boxes of baggies, a sifter, and four firearms, as well as the absence in the apartment of any syringes or other paraphernalia associated with the ingestion of heroin, are

factors that, taken collective, are indicative of, or at least consistent with, an intent on the defendant's part to distribute the heroin that was recovered. Detective Hall's qualifications are as follows: he has been an Everett police officer since 1993 and a drug investigator since 2002; he has arrested over 250 individuals for drug offenses; he has participated in the execution of over 30 search warrants relating to the use and distribution of drugs; he has purchased drugs in an undercover capacity over 100 times.

                                              Respectfully submitted,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

                             By:

                                              /s/ Lisa Asiaf
                                              LISA ASIAF
                                              JAMES LANG
                                              Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent to the registered participants as identified in the Notice of Electronic Filing (NEF) and copies will be sent to those indicated as non-registered participants.

                                              /s/ Lisa Asiaf
                                              Lisa Asiaf
                                              Assistant U.S. Attorney

Date: July 9, 2007