

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

May 23, 2007

**VIA FAX (617-332-2221) & MAIL**

Karnig Boyajian, Esq.
One Gateway Center
Suite 315
Newton, MA 02458

   Re: **United States v. Kirk Rinaldi -- June 11, 2007 Trial**

Dear Karnig:

  In connection with the upcoming trial, enclosed please find the government's pretrial disclosures and some additional discovery, including a copy of the transcript of the grand jury proceedings in this case. The government recognizes its continuing duty to supplement these disclosures under Local Rule 116.7 and will do so if necessary.

  A. **Expert Disclosures**

  Unless we agree to Stipulations that obviate the need for any of the following witnesses, the government intends to call the following individuals as expert witnesses in its case-in-chief, and accordingly provides you with the following information and materials:

  1. FIREARM / AMMUNITION -- First, the government anticipates expert testimony from Special Agent Stephanie D'Andrea of the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") concerning the firearms and ammunition seized in this case. Special Agent D'Andrea will testify consistent with the discovery previously produced to you, opining that the four firearms at issue in this case (i.e., the A.A. Arms, Model AP9, 9 mm semi-automatic pistol, bearing serial number 009451; the Raven, Model MP-25, .25 caliber semi-automatic pistol, bearing serial number 1877903; the Browning .25 caliber pistol, bearing serial number 780288; and the Smith and Wesson, Model 36, .38 caliber revolver, bearing an obliterated serial number) all meet the federal definition of a "firearm" as defined in 18 U.S.C. § 921(a)(3)(A) as they are designed to expel a projectile by the action of an explosive.

Attorney Boyajian
May 23, 2007
Page 2

    Special Agent D'Andrea will also testify that the ammunition seized in this case meets the definition of "ammunition" within the meaning of 18 U.S.C. § 921(a)(17)(A) as it is "ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm."

    With respect to Special Agent D'Andrea's qualifications and the bases for her opinions, enclosed herewith please find a copy of her Statement of Qualifications, which details her training and experience in the area of firearms identification, origin, and classification of firearms and ammunition. If you require any additional information concerning this anticipated testimony, please let me know.

2.    INTERSTATE NEXUS -- The government will also offer expert testimony from ATF Special Agent Stephanie D'Andrea concerning the interstate nexus of three of the four firearms and assorted ammunition seized in this case. Special Agent D'Andrea will testify that assorted ammunition and all of the firearms described in Paragraph 1 above with the exception of the Smith & Wesson, Model 36, .38 caliber revolver, bearing an obliterated serial number, traveled interstate at some point prior to being seized from the defendant's apartment on January 31, 2002, and have therefore affected interstate commerce. With respect to Special Agent D'Andrea's qualifications and the bases for her opinions on this issue, please see her Statement of Qualifications enclosed herewith. As noted therein, Special Agent D'Andrea has been employed by ATF since 1999 and has received extensive training on the recognition and identification of firearms and ammunition and their place of manufacture. Special Agent D'Andrea has been qualified to testify as an expert on interstate nexus in the District of Massachusetts. If you require any additional information concerning his anticipated testimony, please let me know.

3.    HEROIN -- The government also anticipates expert testimony from forensic chemists Xiu Ying Gao and Mai Ngoc Tran, both of whom are employed at the Massachusetts Department of Public Health Drug Analysis Laboratory. Chemists Gao and Tran will testify concerning the drug analysis and weight of the heroin seized in this case. They will testify consistent with the laboratory reports regarding these analyses, which were previously produced to you. With respect to their qualifications and the bases for their opinions, attached please find a copy of their Curriculum Vitaes. As you will see, both Gao and Tran have received extensive training in the identification of controlled substances, including heroin. Both chemists have analyzed innumerable drug samples to determine their identity. I have requested both chemists to forward me a copy of their files in this matter, which I will forward to you under separate cover immediately upon my receipt thereof. If you require any additional information concerning the anticipated testimony, please let me know

Attorney Boyajian
May 23, 2007
Page 3

    4.    DRUG DISTRIBUTION -- Finally, the government anticipates testimony from Robert A. Hall, Narcotics Investigator for the Evertt Police Department, concerning his expertise in drug distribution methods and practices. Hall will testify concerning the modus operandi of drug distributors in the Everett area at the time in question, including an explanation of items and drug paraphernalia associated with the use and distribution of heroin; the prices charged for heroin at the time in question; the quantity of heroin consistent with distribution versus personal use; and the connection between firearms and drug dealing.

        With respect to Hall's qualifications and the bases for his opinions, Hall has been a police officer in the City of Everett since October 1993 and an investigator with the narcotics unit since April 2002. He has attended and graduated from the Massachusetts Criminal Justice Training Council Police Academy and regularly receives annual in-service training. He has attended numerous narcotics-related training programs including, the U.S. Department of Justice Drug Enforcement Administration's 80-hour DEA Basic Narcotics Investigations course. Hall has conducted or participated in the arrest of over 250 narcotics offenders and has participated in the execution of approximately 30 search warrants relating to the use and distribution of narcotics. He has also participated in numerous narcotics investigations on the local, state and federal level, including conducting surveillance, handling confidential informants, and purchasing narcotics in an undercover capacity in excess of 100 times. He has observed numerous types of controlled substances and am familiar with the paraphernalia associated with the use and/or distribution of these substances, and the ways in which they are packaged. He is aware of the prices charged for narcotics and with the terminology associated with them. If you would like further information concerning this anticipated testimony, please let me know.

    **B.**    **"21-Day Disclosures"**

The government is currently awaiting responses from ATF and the Everett Police Department regarding potential *Giglio* material regarding the government's expected trial witnesses. Although we have not yet received responses from these agencies, the undersigned attorney became aware that at least one of the government's witnesses has potentially discoverable information. The government is seeking an ex parte Protective Order from the Court for a ruling as to whether this information must be disclosed. If the government's motion for a Protective Order is denied, a disclosure will be made to you immediately.

In addition, the government recognizes its continuing duty to disclose any/all information to which the defendant is entitled, and will update these disclosures accordingly.

Attorney Boyajian
May 23, 2007
Page 4

### C. Additional Discovery

Finally, enclosed please find the following discovery. After this case was recently reassigned to me, I reviewed the file and noted that the parties had agreed that discovery was complete. Although some of these items might have been previously produced to you, I forward them to be sure:

(1) Evidence Control Log;

(2) Copy of the defendant's driver's license, various credit cards, identification cards, receipts, letters, credit card statements, and a credit card application, all of which was seized from the defendant's apartment at 534 Broadway, Everett;

(3) Copy of photographs located inside the defendant's apartment at 534 Broadway, Everett;

(4) Certified copy of the defendant's conviction in Middlesex Superior Court Docket No. 91933-35; and

(5) Copy of the transcript of the grand jury proceedings in this case.

Please feel free to call me if you need any additional information concerning these pretrial disclosures. (And, thank you, again, for the 2-day extension of my deadline for these disclosures). I look forward to speaking with you soon.

Sincerely,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
LISA M. ASIAF
Assistant U.S. Attorney

LMA/
Enclosures

## STATEMENT OF QUALIFICATIONS

Stephanie D'Andrea, Special Agent,
Bureau of Alcohol, Tobacco, Firearms and Explosives
Boston, Massachusetts

I, Stephanie D'Andrea, hereby declare and state:

1. That I am employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since August, 1999. As a Special Agent with ATF, one of my responsibilities is conducting criminal investigations concerning alleged violations of the Federal firearms laws. I have acquired knowledge and experience as to firearms and ammunition and the interstate nexus of firearms and ammunition, due to investigations, research, record searches, conferring with other experts, training, and professional certifications. I prepare reports and official correspondence relating to the identification, origin, and classification of firearms and ammunition under the provisions of the Federal firearms laws.

2. That I earned a Bachelor's Degree, Magna Cum Laude in both Political Science and German from Allegheny College in Pennsylvania. I am a member of Phi Beta Kappa and many other honor societies. I also earned a Master's Degree in Criminal Justice from Northeastern University in Massachusetts, where I was awarded a merit based full scholarship and a paid Teaching Assistantship.

3. That during the course of my duties, I have examined hundreds of firearms and hundreds of rounds of ammunition for the purpose of determining the manufacturer, model, caliber/gauge, serial number, the place of manufacture, the function and design, and/or status as related to the National Firearms Act.

4. That I have contacted the ATF National Tracing Center on hundreds of occasions and requested firearms traces concerning the interstate/intrastate shipment of firearms. I have also assisted dozens of Federal, state and local law enforcement agencies with firearm traces.

5. That I have had numerous contacts with firearms dealers and manufacturers who are Federal firearms licensees, regarding licensing application, firearms transfer, acquisition, disposition, compliance, and criminal enforcement.

6. That I have received formal training for law enforcement personnel in both a general and specific nature as it pertains to the recognition and identification of firearms and ammunition and their place of manufacture. This training includes, but is not limited to the following:

    Criminal Investigator School, Federal Law Enforcement Training Center, Glynco, Georgia
    New Professional Training, ATF National Academy, Glynco, Georgia
    Firearms Interstate Nexus Training, ATF National Tracing Center, Martinsburg, West Virginia

    During the training at the Firearms Interstate Nexus Training Course in Martinsburg, West Virginia I personally examined the ATF Firearms Technology Branch's Reference Collection, which includes over 7,000 firearms.

7. That I have qualified as an Interstate Nexus Expert in U.S. District Court for the Judicial District of Massachusetts.

8. That I maintain current information regarding a historical list of licensed U.S. and foreign manufacturers, importers, and distributors, as well as common firearm proof marks utilized by numerous foreign countries.

9. That I have a personal reference library of firearms and ammunition related publications such as *Gun Trader's Guide, Gun Digest, Flayderman's Guide to Antique American Firearms, Blue Book of Gun Values, Cartridges of the World,* and *The Standard Directory of Proof Marks* in order to remain familiar with firearms and firearm trends.

                                                    _____
                                                    Stephanie D'Andrea
                                                    Special Agent

# Curriculum Vitae

## Mai Ngoc Tran

**Education:** M.S. Medicinal Chemistry, Northeastern University, Mass. Graduated 1990. Coursework included: organic & inorganic chemistry, physical chemistry, qualitative and quantitative chemistry, analytical and advanced organic chemistry.

## Employment

### 2001-Present: Chemist II State Laboratory Institute

Massachusetts Department of Public Health, Drug Analysis Laboratory

- Responsible for the identification of substance to determine violation of the Massachusetts harmful and narcotic drug laws.

### 1986-2001: Chemist I State Laboratory Institute

Massachusetts Department of Public Health, Drug Analysis Laboratory.

- Responsible for the identification of substance to determine violation of the Massachusetts harmful and narcotic drug laws.
- Trained in the use of analytical instrumentation for the purpose of performing forensic drug analysis.
- Successfully completed a six-week training course in the analysis of drugs by senior staff of the Department of Public Health Drug Analysis Laboratory Senior staff.
- Appointed an assistant analyst for the Department of Public Health in 1986.

### 1982-1986: Lab Technician-State Laboratory Institute

- Prepared reagents, Blood agar plates.



U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*    *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

July 6, 2007

**<u>VIA FAX (617-332-2221) & MAIL</u>**

Karnig Boyajian, Esq.
One Gateway Center
Suite 315
Newton, MA 02458

Re: **<u>United States v. Kirk Rinaldi -- July 16, 2007 Trial</u>**

Dear Karnig:

    I write to provide some supplemental expert disclosures related to the above referenced trial. Specifically, as you know, the heroin in this case is being re-tested because one of the two chemists who conducted the initial analysis is no longer available to testify at trial. Although the re-testing is not yet complete, I just received the names and CVs of the two forensic chemists who are conducting the re-testing. Specifically, chemists Charles Salemi and Peter Piro, both of whom are employed at the Massachusetts Department of Public Health State Laboratory Institute, will be testifying at trial regarding the results of the re-testing. Their CVs are enclosed herewith.

    I also enclose a copy of a photograph of the defendant, which I believe was previously produced to you during automatic discovery, but am re-sending a copy in an abundance of caution.

    I look forward to speaking with you on Monday to finalize our agreement as to the stipulations. Have a nice weekend.

                                        Sincerely,

                                        MICHAEL J. SULLIVAN
                                      United States Attorney

                    By:    _____
                             LISA M. ASIAF
                             Assistant U.S. Attorney

cc: AUSA James Lang
Enclosures

Curriculum Vitae

Charles B. Salemi

Education:
University Of Massachusetts  Amherst Ma.
Bachelor of Science- Zoology 1973

Experience:

2003-present: Chief of Laboratory for the Jamaica Plain site of the Massachusetts Department of Public Health Drug Analysis Laboratory. Oversee and supervise the operations of the Laboratory and Evidence Office. Currently serves as the Department of Public Health's representative on the Commonwealth of Massachusetts Forensic Science Advisory Board.

1980-2003: Served as Chemist 2, 3, and Laboratory Supervisor 1, in the Jamaica Plain Drug Analysis Laboratory. Duties included: analyzing unknown substances and submitting reports to the courts of Massachusetts, developing methods used in the analysis of illicit substances, responsible for the training of new chemists in the laboratory, overseeing the QA/QC program for the laboratory.

1974-1980: Served as a Bacteriologist 1 in the Department of Public Health Food and Drug Laboratory. Duties included the testing of retail food products, to insure microbiological and chemical compliance to the food sanitation code of the Commonwealth of Massachusetts.

Additional training:
- Appointed Assistant Analyst for the Department of Public Health –1982

- Completed training course in methods of drug analysis given by the Federal Drug Enforcement Agency (DEA) in McLean Va. 1983.

- Completed training in the use of Fourier Transform Infrared Spectroscopy conducted at the Analect Instrument training facility 1984.

- Completed workshop in Solid Phase Extractions conducted by Baker Chemical 1984.

- Completed training in Polarized Light and Chemical Microscopy Techniques conducted by the Northeastern Association of Forensic Scientists (NEAFS) 1986.

- Completed workshop in Clandestine Laboratories (NEAFS) 1990.

- Completed training course in Capillary Gas Chromatography conducted by Hewlett-Packard 1991.

- Post Graduate Courses in Instrumental Chemical Analysis-Northeastern University 1982, and Human Toxicology, Harvard University 1983.

- Testified as an expert witness in numerous drug analysis cases in State and Federal Court.

Organizations:
Member of the following:

- Massachusetts Organization of State Engineers and Scientists
- Northeastern Association of Forensic Scientists ( NEAFS)
- American Chemical Society

**Curriculum Vitae**

# Peter Piro

## EDUCATION
Boston Unversity
B.A. in Chemistry and Minor in Biology, 1989

## HONORS
Magna Cum Laude, 3.6 GPA
Graduated with Distinction in Chemistry
Valedictorian of the Chemistry Department

## EXPERIENCE

**Department of Public Health/State Laboratory Institute**
Chemist III, II, I/ Assistant Analyst                December 1991-Present
Supervise the operation and maintenance of the Gas Chromatography/Mass Spectrometry Laboratory. Analyze controlled substances for State and Federal law enforcement agencies. Qualified as an expert witness in Massachusetts courts and U.S. District Court.

**Massachusetts Health Research Institute**
Laboratory Technician                September 1990-December 1991
Researched the seasonal and special occurrences of DSP and PSP in shellfish samples harvested from coastal waters and Georges Bank.

## TRAINING AND ORGANIZATIONS

* Completed a six-week training course by senior staff within the Department of Public Health Drug Analysis laboratory.
* Appointed Assistant Analyst by the Assistant Commissioner of Public Health in February 1991.
* Elected as a Regular Member to the Northeastern Association of Forensic Chemists on October 27th 1995.
* Completed training in Mass Spectrometry given by the Food and Drug Administration/Forensic Chemistry Center on November 2002.
* Completed training in Mass Spectrometry Troubleshooting and Maintenance, October 25th 2002, at Agilent Technologies.
* Notary Public since 1993.