# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No.  03-10385-RGS |
| | ) | |
| KIRK RINALDI, | ) | |
| Defendant. | ) | |
| | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by and through Assistant United States Attorneys James F. Lang and Lisa M. Asiaf, hereby submits , pursuant to Fed. R. Crim. P. 30, its request for jury instructions in the above-captioned case.  The United States also requests leave to file additional instructions as may become appropriate during the course of the trial.


Dated: July 9, 2007                          Respectfully submitted,

                                             MICHAEL J. SULLIVAN
                                             United States Attorney


                          By:   **/s/ Lisa M. Asiaf**
                                             JAMES F. LANG
                                             LISA M. ASIAF
                                             Assistant U.S. Attorneys
                                             Tel: (617) 748-3100

## TABLE OF CONTENTS

**Preliminary Instructions**

DUTIES OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE . . . . . . . . . . . . . . . . . . 2

EVIDENCE, OBJECTIONS, RULINGS & BENCH CONFERENCES . . . . . . . . . . . . . . . . . 3

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONDUCT OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

OUTLINE OF THE TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

STIPULATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Final Instructions**

DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW . . . . . . . . . . . . . . . . . . . . . . 12

PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT . . . . . . . 13

DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY . . . . . . . . . . . . . . . . . . . . 15

DEFINITION OF KNOWINGLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

INFERRING REQUIRED STATE OF MIND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES . . . . . . . . . . . . . . . . . . . . 18

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

WEIGHING THE TESTIMONY OF AN EXPERT WITNESS . . . . . . . . . . . . . . . . . . . . . . . . 21

WHAT IS NOT EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

LANGUAGE OF THE INDICTMENT: CONJUNCTIVE AND DISJUNCTIVE . . . . . . . . . . 24

COUNT 1 -    FELON IN POSSESSION OF FIREARMS AND AMMUNITION  . . . . . . . . 25

        PRIOR FELONY CONVICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27
        POSSESSION - ACTUAL AND CONSTRUCTIVE . . . . . . . . . . . . . . . . . . . . . . . . . 28

DURATION OF POSSESSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

FIREARM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

AMMUNITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

KNOWLEDGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

PROOF OF KNOWLEDGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

INTERSTATE COMMERCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

COUNT 2 -    POSSESSION WITH INTENT TO DISTRIBUTE HEROIN . . . . . . . . . . . . 36

HEROIN - SCHEDULE I CONTROLLED SUBSTANCE . . . . . . . . . . . . . . . . . . . . . 37

POSSESSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

INTENT TO DISTRIBUTE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

KNOWLEDGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

COUNT 3 -    POSSESSION OF A FIREARM IN FURTHERANCE OF DRUG
             TRAFFICKING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

"DRUG TRAFFICKING CRIME" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

POSSESSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

"IN FURTHERANCE OF" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

FOREPERSON'S ROLE; UNANIMITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

REACHING AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

RETURN OF VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

COMMUNICATION WITH THE COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .51

# PRELIMINARY

# INSTRUCTIONS

**DUTIES OF THE JURY**

Ladies and gentlemen:  You now are the jury in this case, and I want to take a few

minutes to tell you something about your duties as jurors and to give you some instructions.  At

the end of the trial I will give you more detailed instructions.  Those instructions will control

your deliberations.  It will be your duty to decide from the evidence what the facts are.  You, and

you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and

then apply those facts to the law I give to you. That is how you will reach your verdict.  In doing

so you must follow that law whether you agree with it or not.  The evidence will consist of the

testimony of witnesses, documents and other things received into evidence as exhibits, and any

facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think

of the believability or significance of the evidence or what your verdict should be.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.01 (1998).

1

## NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorneys James Lang and Lisa Asiaf.  The defendant, Kirk Rinaldi, is represented by Attorney Karnig Boyajian.

The defendant has been charged by the government with three crimes:  (1) being a felon in possession of firearms and ammunition; (2) possession with intent to distribute heroin; and (3) possession of firearms in furtherance of a drug trafficking crime.

The charges against the defendant are contained in the Indictment.  The Indictment is simply a description of the charges against the defendant; it is not evidence of anything.  The defendant pleaded not guilty to the charges and denies committing those crimes.  He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven its case against him beyond a reasonable doubt.

Remember, it is up to you, after you have heard all of the evidence and received my final instructions, to decide whether the government's charges have been proven beyond a reasonable doubt or not.

As to the charges, I will give you detailed instructions on the law at the close of the case.  For now, I am giving you a general overview only.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.02 (1998)

2

**EVIDENCE, OBJECTIONS, RULINGS & BENCH CONFERENCES**

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1)   Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2)   Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

3

(3)   Testimony that I strike from the record, or tell you to disregard, is not evidence and must

not be considered.

(4)   Anything you see or hear about this case outside the courtroom is not evidence, unless I

specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.

That is, it can be used by you only for a particular purpose, and not for any other purpose. I will

tell you when that occurs and instruct you on the purposes for which the item can and cannot be

used.

Finally, some of you may have heard the terms "direct evidence" and  "circumstantial

evidence."  Direct evidence is testimony by a witness about what that witness personally saw or

heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts

from which one can find or infer another fact.  You may consider both direct and circumstantial

evidence.  The law permits you to give equal weight to both, but it is for you to decide how

much weight to give to any evidence.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.05 (1998).

4

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.06 (1998).

5

## CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers, or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security

officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone

to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Keep an open mind until then.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.07 (1998).

## OUTLINE OF THE TRIAL

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendant. The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits. In a moment I will say more about the nature of evidence.

After the government's evidence, the defendant's lawyer may present evidence on the defendant's behalf, but he is not required to do so. I remind you that the defendant is presumed innocent, and the government must prove the guilt of the defendant beyond a reasonable doubt. The defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence either. In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use

8

in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.09 (1998).

## STIPULATIONS

The evidence in this case includes facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You should therefore treat those facts as having been proven.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.01 (1998).

# FINAL

# INSTRUCTIONS

**DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.01 (1998).

12

## PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Kirk Rinaldi, has the benefit of that presumption throughout the trial, and you are not to convict him of the particular charge unless you are persuaded of his guilt beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that defendant is guilty of the crimes with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; little in life can be proven to an absolute certainty. Proof beyond a reasonable doubt is sufficient to convict.

It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. This burden never shifts to the defendant. The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of the charged crimes, it is your duty to acquit him on that charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt, you should vote to convict him on that charge.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.02 (1998); 1 L. Sand et al., Modern

<u>Federal Jury Instructions: Criminal</u>, ¶ 4.01, Instr. 4-2 (1998);  <u>Victor v. Nebraska</u>, 511 U.S.  1 (1994): <u>United States v. Cleveland</u>, 106 F.3d 1056, 1062 (1st Cir. 1997).

**DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY**

Defendant Kirk Rinaldi has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that he did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.03 (1998).

## DEFINITION OF "KNOWINGLY"

The word "knowingly," as that term has been used from time to time in these instructions,

means that the act was done voluntarily and intentionally and not because of mistake or accident.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.13 (1998).

16

## INFERRING REQUIRED MENTAL STATE

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(Sixth Circuit) Pattern Criminal Jury Instructions Inst. 2.08 (2005).  See also Eighth Circuit Criminal Pattern Jury Instructions Inst. 7.05 (2003).

## DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that has been presented during the course of this trial. That is the power to draw inferences.

There are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.

An inference is a permissible deduction that you may make from evidence that you have accepted as believable. Drawing inferences is something you do every day. Inferences are little steps in reasoning, steps in which you take some known information, apply your experience in life to it, and then draw a conclusion.

Some inferences may be consistent with guilt, and some may be consistent with innocence. When an essential element of a crime has not been proven by direct evidence -- that is, by evidence of what somebody saw, or heard, or in some way perceived with one of the five senses -- when it has not been proven in that fashion, you must use your collective and general knowledge in determining whether that element has been established by inferences reasonably drawn from other facts in evidence. Any inference which you draw from such facts must be a

18

reasonable and natural one and not merely conjecture or guesswork.

You are entitled to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. Circumstantial evidence alone may be sufficient to convict the defendant if it persuades you beyond a reasonable doubt that the defendant is guilty of the offenses alleged in the Indictment.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.04 and 3.05 (1998);
United States v. Clifford, 979 F.2d 896 (1st Cir. 1992);
United States v. Wight, 968 F.2d 1393, 1395 (1st Cir. 1992);
United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1992).

## CREDIBILITY OF WITNESSES

As the jury, you alone decide the weight, the effect, and the value of the evidence and the credibility, that is, the believability, of the witnesses. You do not have to accept the testimony of any witness if you find the witness not believable. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an event may simply see or hear it differently. Innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.06 (1998);
1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 15.01 (5th ed. 2000).

## WEIGHING THE TESTIMONY OF AN EXPERT WITNESS

You have heard testimony from expert witnesses.  An expert witness has special knowledge or experience that allows that witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

Pattern Jury Instructions:  **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.06 (1998 Edition).

## WHAT IS NOT EVIDENCE

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) The Indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  You will have that Indictment before you in the course of your deliberations in the jury room.  That Indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that this defendant has been indicted is not evidence whatsoever of his guilt.  The Indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The Indictment proves nothing.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.08 (1998).

## PUNISHMENT

The question of possible punishment of the defendant is of no concern to the jury and cannot enter into or influence your deliberations.  The duty of imposing the sentence  rests exclusively upon this Court and is for the judge to decide.  Under your oaths as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if they are convicted, to influence your verdict in any way or enter into your deliberations in any manner.  The jury should make its decision as to whether the defendant is guilty or not guilty on the basis of the evidence presented, and must not consider the possible punishment in any way in coming to that determination.

1 L. Sand et al., <u>Modern Federal Jury Instructions: </u>Criminal, ¶ 9.01, Instr. No. 9-1 (1999); Fifth <u>Circuit Pattern Jury Instructions</u> (Criminal) § 1.20 (1997);
1A Kevin F. O'Malley <u>et al.,</u> <u>Federal Jury Practice and Instructions</u> § 20.01 (5th ed. 2000).

## LANGUAGE OF THE INDICTMENT:
## CONJUNCTIVE AND DISJUNCTIVE; "ON OR ABOUT"

The Indictment frequently charges in the conjunctive using the word "and." The government need only prove in the disjunctive, as if the indictment said "or." For example, Count One of the Indictment charges that on or about January 31, 2002, the defendant was a felon in possession of firearms and ammunition, but the government need only prove that the defendant was a felon in possession of either a firearm or ammunition on the date charged.

The Indictment also charges that the crimes alleged were committed "on or about" certain dates. The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime happened reasonably close to that date.

United States v. McCann, 465 F.2d 147, 162 (5th Cir. 1972);
Fields v. United States, 408 F.2d 885, 887 (5th Cir. 1969).
(Sixth Circuit) Pattern Criminal Jury Instructions Inst. 2.04 (2005). See also Eleventh Circuit Criminal Pattern Jury Instructions Inst. 9.1 (2003).

## COUNT 1

## FELON IN POSSESSION OF FIREARMS AND AMMUNITION

**Count One** of the Indictment charges that "[o]n or about January 31, 2002, at Everett, in the District of Massachusetts, KIRK RINALDI, defendant herein, having previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly posses, in and affecting commerce, three firearms, to wit:

> an A.A. Arms, Model AP9, 9mm semi-automatic pistol, bearing serial number 009451;
>
> a Raven, Model MP-25, .25 caliber semi-automatic pistol, bearing serial number 1877903; and
>
> a Browning .25 caliber pistol, bearing serial number 780288, and
>
> assorted ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1)."

Section 922(g)(1) of Title 18 of the United States Code is a criminal statute which provides that it is unlawful for any person who has previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition in or affecting commerce.  Thus, in order to find the defendant guilty, you must be satisfied beyond a reasonable doubt of the following three elements:

| | |
|---|---|
| **FIRST:** | That, at the time of possession, the defendant was a felon, that is, that he was previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year; |
| **SECOND:** | That the defendant knowingly possessed a firearm or ammunition; and |
| **THIRD:** | That such possession was in or affecting commerce. |

You should note that the government is not obligated to prove that the defendant knowing possessed **both** a firearm **and** ammunition; your verdict may be based on his possession of

25

**either** one if the government proves that possession (and all the other elements of the crime that I am describing to you) beyond a reasonable doubt.  However, in order to convict, you must all agree that the defendant possessed either ammunition or a firearm or both.[1]

_____

[1]     This instruction is requested to avoid any claim that the jury could find the defendant guilty on Count One without having reached a unanimous verdict on the commission of a particular offense (i.e., possession of a firearm or possession of ammunition.  See United States v. Valerio, 48 F.3d 58, 63 (1st Cir. 1995).  "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime, and that is one, however diverse its objects."  Id. at 54, 63.  See also United States v. Wood, 57 F.3d 913, 919-20 (10th Cir.1995) (because a defendant "is subject to only one punishment for committing a single conspiracy offense, the fact that the conspiracy alleged an agreement to commit multiplicitous offenses does not render the conspiracy count itself multiplicitous").

Where, as here, a single count of the indictment alleges the commission of more than one crime, the resulting concern is the possibility that the jury will convict "without having reached a unanimous verdict on the commission of any particular offense." Valerio, 48 F.3d at 63.  However, "[s]o long as the evidence is sufficient with respect to any of the acts charged, a guilty verdict on an indictment charging several acts in the conjunctive stands."  United States v. Hawkes, 753 F.2d 355, 357 (4th Cir.1985).  Hence, any duplicity concern the defendant could have with Count 1 of the Indictment (which alleges possession of both a firearm and ammunition) can be cured by instructing the jury they must agree on a particular object (i.e, possession of the firearm, possession of the ammunition or both) in order to convict.  See United States v. Moore,  184 F.3d 790, 793 (8th Cir. 1999) ("Count I charged Moore with committing one offense, conspiracy to distribute a controlled substance, in two ways, with marijuana and methamphetamine. Enumerating the controlled substances did not render count I duplicitous"); United States v. Cherif, 943 F.2d 692, 701 (7th Cir. 1991) ("The problem Cherif complains about--the possibility that the jury would convict him even though it did not unanimously agree on what false statement he made--could easily have been cured by an instruction telling the jury that it could convict Cherif on the false statement count only if it unanimously agreed on the false statement he made.").  See also United States v. Nelson-Rodriguez, 319 F.3d 12, 31 (1st Cir. 2003) (in rejecting duplicity claim based on conspiracy count alleging planned importations of cocaine, heroin, and marijuana, court noted that "each of these acts was part of a single conspiracy, and the jury instructions made clear that the jury must find as much"); United States v. Clark, 67 F.3d 1154, 1160 (5th Cir. 1995) (a single conspiracy may have as its objective the distribution of two different drugs without rendering it duplicitous).  Additional support for the balance of the requested instruction can be found at 18 U.S.C. § 922(g)(1); United States v. Ramos, 961 F.2d 1003 (1st Cir. 1992); United States v. Bartelho, 71 F.3d 436, 439 (1st Cir. 1995).  See generally Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, § 4.06, 1998.  AUTHORITY:  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions § 4.06 (1998 Edition).

## PRIOR FELONY CONVICTION
### (Count One)

The first element which the government must prove to you beyond a reasonable doubt is that the defendant was a felon at the time of possession. You must be satisfied that the defendant was convicted in any court of a crime punishable by imprisonment for a term exceeding one year and that such conviction took place at a time before the time it is alleged that the defendant was in possession of a firearm. In this case, the government and the defendant have stipulated that prior to January 31, 2002, the date of the alleged offense, the defendant was convicted in a court of the Commonwealth of Massachusetts of a crime punishable by a term of imprisonment exceeding one year. The defendant has thus stipulated to the first element of the charged offense so you should treat that element as having been proven.

Pattern Jury Instructions:  **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition § 2.01.

## POSSESSION -- ACTUAL AND CONSTRUCTIVE
### (Count One)

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly possessed a firearm or ammunition.  What do we mean by the term possessed when used in a legal sense?  The law recognizes two kinds of possession:  actual possession and constructive possession.  A person who knowingly has direct physical control over an object, at a given time, is in actual possession of the object.  A person who physically holds an object or knowingly has it on his person, (even if only for a moment), is in actual possession of the object.[2]

Even when a person does not actually possess an object, however, he may be in constructive possession of it.  Constructive possession exists when a person knowingly has the power and the intention at a given time of exercising dominion and control over an object.  For example, you may have left a coat or some other belonging, such as your lunch, in the jury room when you entered the courtroom today.  Though you are not in actual possession of such items at this moment, you are in constructive possession of them.  The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient.

Possession of an object may be established by either direct evidence or by circumstantial evidence.  Possession may be solely with one person or may be shared jointly by two or more persons.  Possession may be actual or constructive.  It is not necessary to prove ownership of the

---

[2]  United States v. Escobar-de Jesus, 187 F.3d 148, 176 (1st Cir. 1999) ("even if [the defendant] actually possessed the firearm for a short period of time, duration of possession is not an element of the statute"); United States v. Lane, 267 F.3d 715  (7th Cir. 2001) (momentary inspection of gun belonging to third party sufficient to support conviction); United States v. Adkins, 196 F.3d 1112 (10th Cir. 1999) ("even if a felon held a firearm for a mere second or two, unless that felon truly did not know that what he possessed was a firearm or there was some recognized legal justification for his holding the firearm, § 922 will still impose criminal liability").

object.

The element of possession is proved if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others, of a firearm or ammunition.

See generally Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, § 4.06, 1998.  See also United States v. Lamara, 711 F.2d 3, 5 (1st Cir. 1983); United States v. Ladd, 877 F.2d 1083, 1087 (1st Cir. 1989); United States v. Flores, 679 F.2d 173, 177 (9th Cir. 1982); United States v. Alverson, 666 F.2d 341, 345 (9th Cir. 1985); United States v. Craven, 478 F.2d 1329, 1337 (6th Cir.), cert. denied, 414 U.S. 866(1973); Edward J. Devitt, et al., Federal Jury Practice and Instructions, §§ 16.05, 36.12 (4th ed. 1990); Leonard B. Sand et al., Modern Federal Jury Instructions, No. 35-59 (1993).  See also United States v. Wight, 968 F.2d 1393, 1398 (1st Cir. 1992) ("as long as . . . [a person] knowingly has the power and the intention at a given time of exercising dominion and control over a firearm or over the area in which the weapon is located, directly or through others, he is in possession of the firearm").

## DURATION OF POSSESSION
### (Count One)

In considering the issue of possession in this case, it is not necessary for you to conclude that the defendant was in actual or constructive possession of the firearm or the ammunition for any specified period of time. Even momentary possession (whether actual or constructive) may be sufficient for you to convict provided that you are convinced beyond a that the defendant knew what he was possessing was a firearm or ammunition.

United States v. Escobar-de Jesus, 187 F.3d 148, 176 (1st Cir. 1999)("even if [the defendant] actually possessed the firearm for a short period of time, duration of possession is not an element of the statute");  United States v. Lane, 267 F.3d 715 (7th Cir. 2001)(momentary inspection of gun belonging to third party sufficient to support conviction); United States v. Adkins, 196 F.3d 1112 (10th Cir. 1999)("even if a felon held a firearm for a mere second or two, unless that felon truly did not know that what he possessed was a firearm or there was some recognized legal justification for his holding the firearm, § 922 will still impose criminal liability"). See United States v. Parker, 566 F.2d 1304, 1306 (5th Cir. 1978) ("That possession is momentary is immaterial" to prosecution for possession of unregistered firearm). But see United States v. Williams, 29 Fed. Appx. 486 (9th Cir. 2002)("A person is not in possession of something simply because the person momentarily touches or holds the thing or has passing control of it").

## **FIREARM**
### **(Counts One and Three)**

The possession to which I have referred must be of a "firearm or ammunition." The term "firearm" means any weapon which will or is designed to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; or any destructive device. This definition of "firearm" includes handguns, rifles, and shotguns.

18 U.S.C. § 921(a)(3); Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions:  First Circuit, Criminal Cases, § 4.06, 1998.

## AMMUNITION
### (Count One)

The term "ammunition" means any ammunition or cartridge cases, shotgun-shells,

primers, bullets, or propellant powder designed for use in any firearm.

18 U.S.C. §921(a)(17)(A).

# KNOWLEDGE
## (Count One)

The government must also establish beyond a reasonable doubt that the defendant was in knowing possession of a firearm or ammunition. This does not mean that the government must show that the defendant knew he was violating the law or intended to violate the law by possessing a firearm or ammunition. To satisfy this requirement, the government only needs to prove that the defendant knew he was possessing a firearm or ammunition.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, § 4.06, 1998. United States v. Ramos, 961 F.2d 1003, 1005 (1st Cir. 1992); United States v. Freed, 401 U.S. 601, 607-610 (1970) (construing similar provision contained in 26 U.S.C. §5861(d)); United States v. Lamare, 711 F.2d 3, 6 (1st Cir. 1983); United States v. Powell, 513 F.2d 1249, 1251 (9th Cir.) (per curiam), cert. denied, 423 U.S. 853 (1975); United States v. Hardy, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.).

## PROOF OF KNOWLEDGE
### (Count One)

Since it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence.  Thus, in deciding whether something is done knowingly, you may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.

A firearm or ammunition is possessed knowingly if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions:  First Circuit, Criminal Cases, § 2.13 (definition of knowledge) 1998.  See also United States v. Tracy, 36 F.3d 187, 194-95 (1ˢᵗ Cir. 1994); Edward J. Devitt et al., Federal Jury Practice and Instructions, § 17.07 (4th ed. 1990); Leonard B. Sand et al., Modern Federal Jury Instructions, No. 6-17 (1993).

## INTERSTATE COMMERCE
### (Count One)

The third element of Count One, which the government must prove beyond a reasonable doubt, is that the defendant's knowing possession of a firearm or ammunition was "in or affecting commerce." The term "in or affecting commerce" simply means that the firearm or ammunition must have had some minimal link to interstate commerce. This element is satisfied if it is established beyond a reasonable doubt that at some time during the life of the firearm or ammunition, it moved across a state line or international boundary. Thus, if it is established that the firearm or ammunition was previously in a state other than Massachusetts, or in a foreign country, and then was possessed by the defendant in Massachusetts, then this element has been satisfied.

It is not necessary for the government to prove that the defendant purchased the firearm or ammunition in some other state and carried it into Massachusetts. Nor must the government prove who did purchase the firearm or ammunition or how it arrived in Massachusetts. In addition, the government does not have to prove that the defendant knew that the firearm or ammunition had crossed state or national boundary lines or that it did so during any period in which he owned it. All that is required is proof that the firearm or ammunition had traveled in interstate commerce by moving across a state or national boundary line at any time prior to the defendant's alleged possession of it.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, § 4.06, 1998. See also Scarborough v. United States, 431 U.S. 563, 566, 575-578 (1977); United States v. Gillies, 851 F.2d 492, 493-496 (1st Cir. 1988); United States v. Sulton, 521 F.2d 1385, 1391 (7th Cir. 1975); Edward J. Devitt, et al., Federal Jury Practices and Instructions, § 36.14 (4th ed. 1990); Leonard B. Sand, et al., Modern Federal Jury Instructions, No. 35-55 (1993).

## COUNT 2

### POSSESSION WITH INTENT TO DISTRIBUTE HEROIN

Count Two of the Indictment charges that "[o]n or about January 31, 2002, at Everett, in the District of Massachusetts, KIRK RINALDI, defendant herein, did knowingly and intentionally possess with intent to distribute a quantity of heroin, a Schedule I controlled substance.  All in violation of Title 21, United States Code, Section 841(a)(1)."

Section 841(a)(1) of Title 21 of the United States Code is a criminal statute which provides that it is unlawful for any person to knowingly or intentionally possess with intent to distribute, that is, transfer, a controlled substance to another person.  In order to find the defendant guilty, you must be satisfied beyond a reasonable doubt of the following three elements:

**FIRST:** That on or about the date alleged, the defendant, Kirk Rinaldi, transferred heroin to another person, or possessed heroin with the intent to transfer it to another person;

**SECOND:** That he knew that the substance was a controlled substance; and

**THIRD:** That he acted intentionally, that is, that it was his conscious object to transfer the controlled substance to another person.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.10, §4.23 (1998 Edition).

## HEROIN – SCHEDULE I CONTROLLED SUBSTANCE
### (Count Two)

As a matter of law, I instruct you that heroin is a Schedule I controlled substance.  You must take this as a fact.

21 U.S.C. §§ 802(6), 812.

## POSSESSION
**(Count Two)**

The first element that the government must prove with respect to Count Two is that the defendant knowingly possessed a quantity of heroin. The term "possess" means to exercise authority, dominion, or control over something. It is not necessarily the same as legal ownership.

As I instructed earlier, the law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over an object, at a given time, is in actual possession of the object. Constructive possession exists when a person knowingly has the power and the intention at a given time of exercising dominion and control over an object. Recall my earlier example – you may have left a coat or some other belonging, such as your lunch, in the jury room when you entered the courtroom today. Though you are not in actual possession of such items at this moment, you are in constructive possession of them. The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient.

Possession of an object may be established by either direct evidence or by circumstantial evidence. Constructive possession may be inferred from a defendant's dominion and control over an area where narcotics are found. Possession may be solely with one person or may be shared jointly by two or more persons.

In connection with Count Two, the element of possession of the heroin is proved if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others, of the charged heroin – that is, the heroin alleged to have been found at the scene on January 31, 2002, as alleged in the indictment.

First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06 (1998); <u>United States v. Booth</u>, 111 F.3d 1, 2 (1st Cir. 1997); <u>United States v. Meade</u>, 110 F.3d 190, 202-03 (1st Cir. 1997); <u>United States v. Maldonado</u>, 23 F.3d 4, 7-8 (1st Cir. 1994); <u>United States v. Wight</u>, 968 F.2d 1393, 1398 (1st Cir. 1992); <u>United States v. Rogers</u>, 41 F.3d 25, 29 (1st Cir. 1994); <u>United States v. Echeverri</u>, 982 F.2d 675, 678-79 (1st Cir. 1993) (finding "considerable evidence" of constructive possession of narcotics found in apartment containing defendant's "rent receipts, passports, and other personal effects ... strewn about the premises" leased by defendant).

## INTENT TO DISTRIBUTE
### (Count Two)

Intent to distribute a controlled substance is typically established through circumstantial evidence. In determining whether the defendant intended to distribute any prohibited drug which you conclude was in his actual or constructive possession, you may consider all the surrounding circumstances.

It is not necessary for you to be convinced that the defendant actually delivered a prohibited drug to someone else or that he made any money out of any such delivery. It is enough for the government to prove, beyond a reasonable doubt, that he had in his possession a substance that he knew was a prohibited drug, and that he intended to transfer it (or some of it) to someone else, with or without any financial interest in the transaction.

A person's intent to distribute may be based on inferences reasonably drawn from the circumstantial evidence. Such inferences may be drawn, for example, from the quantity of drugs at issue, the types of drugs possessed, and from any accompanying accoutrements, such as sums of money, the existence of any drug weighing, cutting, and packaging paraphernalia, whether a weapon is used, and the like.

First Circuit Pattern Jury Instructions (Criminal) Inst. 4.22 (1998); United States v. Andrade, 94 F.3d 9, 13 (1ˢᵗ Cir. 1996) (instructing that juries may base finding of intent to distribute on circumstantial evidence such as information about "amounts and types of the drugs possessed and about the accompanying accoutrements, such as the sums of money also found, whether there is drug weighing, cutting, and packaging paraphernalia, whether a weapon is used, and the like"); United States v. Echeverri, 982 F.2d 675, 678-79 (1ˢᵗ Cir. 1993) (considering amount of cocaine discovered, layout of defendant's apartment, and presence of "tools of the trade," including scale and ledger, as corroborative of intent to distribute); see also United States v. Akinola, 985 F.2d 1105, 1109 (1ˢᵗ Cir. 1993); United States v. Morales-Cartagena, 987 F.2d 849, 852 (1ˢᵗ Cir. 1993).

## KNOWLEDGE
### (Count Two)

The government must also establish beyond a reasonable doubt that the defendant was in knowing and intentional possession of the heroin alleged to have been found at the scene on January 31, 2001.

My instructions regarding "knowledge" in the context of knowingly possessing a firearm or ammunition apply equally with respect to Count Two. Specifically, the government need not show that the defendant knew he was violating the law or intended to violate the law by possessing the heroin. To satisfy this requirement, the government only needs to prove that the defendant knew he was possessing heroin.

Again, since it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence. Thus, in deciding whether something is done knowingly, you may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances. Controlled substances are possessed knowingly if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, §§ 2.13, 4.06, 1998. United States v. Ramos, 961 F.2d 1003, 1005 (1st Cir. 1992); United States v. Freed, 401 U.S. 601, 607-610 (1970) (construing similar provision contained in 26 U.S.C. §5861(d)); United States v. Lamare, 711 F.2d 3, 6 (1st Cir. 1983); United States v. Powell, 513 F.2d 1249, 1251 (9th Cir.) (per curiam), cert. denied, 423 U.S. 853 (1975); United States v. Hardy, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.). See also United States v. Tracy, 36 F.3d 187, 194-95 (1st Cir. 1994); Edward J. Devitt et al., Federal Jury Practice and Instructions, § 17.07 (4th ed. 1990); Leonard B. Sand et al., Modern Federal Jury Instructions, No. 6-17 (1993).

41

## COUNT 3

## POSSESSION OF FIREARMS
## IN FURTHERANCE OF A DRUG TRAFFICKING CRIME

**Count Three** of the Indictment charges that "[o]n or about January 31, 2002, at Everett,

in the District of Massachusetts, KIRK RINALDI, the defendant herein, did knowingly posses

four firearms, to wit:

> an A.A. Arms, Model AP9, 9mm semi-automatic pistol, bearing serial number 009451;

> a Raven, Model MP-25, .25 caliber semi-automatic pistol, bearing serial number
> 1877903;

> a Browning .25 caliber pistol, bearing serial number 780288; and

> a Smith and Wesson, Model 36, .38 caliber revolver, bearing an obliterated serial

number,

in furtherance of the drug trafficking crime alleged in Count Two of the within indictment, to

wit: knowingly and intentionally possessing with intent to distribute a quantity of heroin, a

Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 18, United States Code, Section 924(c)."

In order to find the defendant guilty, you must be satisfied beyond a reasonable doubt of

the following two elements:

> **FIRST:**          That, the defendant, Kirk Rinaldi, committed the charged drug
>                     trafficking crime that may be prosecuted in a court of the  crime of
>                     possession with intent to distribute heroin (described in Count Two
>                     of the indictment); and

> **SECOND:**         That the defendant knowingly possessed a firearm in furtherance
>                     of that drug trafficking crime.

As I previously instructed, the word "knowingly" means that an act was done voluntarily

and intentionally, not because of mistake or accident.

## **"DRUG TRAFFICKING CRIME" – DEFINED**
### **(Count Three)**

The term "drug trafficking crime that may be prosecuted in a court of the United States" means: any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 *et seq*.).

I instruct you, as a matter of law, that the crime of Possession With Intent to Distribute Heroin is a drug trafficking crime that may be prosecuted in a court of the United States. You must still find beyond a reasonable doubt that the defendant committed that crime, but if you do, then the first element of Count Three is established.

18 U.S.C. § 924(c)(2).

**POSSESSION**
**(Count Three)**

My earlier instructions about possession in the context of drug possession are equally

applicable to this element of the firearm count.  As I stated earlier, the term "possess" means to

## "IN FURTHERANCE OF" – DEFINED
### (Count Three)

To show that a firearm was possessed in furtherance of a drug trafficking crime, the government must show a connection between the possession of the firearm and a drug trafficking crime. It is not sufficient that a firearm was merely possessed by the defendant, and that the defendant also committed one or more drug trafficking crimes. The government must show that a firearm was possessed by the defendant to further, advance, or promote the commission of one or more drug trafficking crimes.

The mere presence of a firearm and drugs in the same apartment, or the possession of a firearm by a person who also deals drugs, is one factor but it is not, in and of itself, a sufficient basis to support this element. The government need **not,** however, prove that the defendant's **sole** purpose for possessing the firearm was to further, advance, or promote the criminal drug activity. The existence of a legitimate explanation for possession of the firearm does not prevent the government from establishing this element if you find beyond a reasonable doubt that the possession of the firearm **also** served the purpose of furthering, advancing, or promoting a drug trafficking crime

In making this determination, you must consider **all** of the circumstances under which the firearm was found. Factors that may support a finding that the defendant possessed a firearm to further, advance, or promote a drug trafficking crime include: the type of firearm at issue, the firearm's close proximity to drugs or drug proceeds, the quantity or value of any drugs found in proximity to the firearm, the type of drug activity that is being conducted, the fact that the firearm was readily accessible, the type of weapon, whether the firearm was stolen or bore an obliterated serial number, whether its possession by the defendant is legal or illegal, and whether

45

it was loaded.

You need not find that a defendant possessed each of the firearms in furtherance of the listed drug crime. However, you must be unanimous as to which firearm was used (or which firearms were used) in furtherance of a drug trafficking crime by the defendant.

18 U.S.C. § 924(c)(1)(A); United States v. Roberson, 459 F.3d 39,48, (1st Cir. 2006); United States v. Vazquez-Guadalupe, 407 F.3d 492, 500, n.4 (1st Cir. 2005); United States v. Grace, 367 F.3d 29, 35 (1st Cir. 2004); United States v. Garner, 338 F.3d 78, 81 (1st Cir. 2003); United States v. Luciano, 329 F.3d 1, 6 (1st Cir. 2003) (citing United States v. Ceballos-Torres, 218 F.3d 409, 415 (5th Cir. 2000)).

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.01 (1998);

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.02 (1998);

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.03 (1998).

49

## RETURN OF VERDICT FORM

I want to read to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

 **[Read verdict form.]**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.04 (1998);

50

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.05 (1998);

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 9, 2007.


    */s/ Lisa M. Asiaf*
LISA M. ASIAF
Assistant U.S. Attorney